# B'ham Ry. L. & P. Co. *v.* Coleman.

*Assault on Passenger.*

(Decided April 24, 1913. 61 South. 890.)

1. *Assault and Battery; Intent; Civil Liability.*—An intent to injure is not an essential to civil liability for an assault.

2. *Appeal and Error; Amount of Recovery; Setting Aside on.*—Where the discretion of the jury is abused by awarding excessive damages, or by awarding no damages when plaintiff is entitled thereto, such a verdict may be set aside.

[Birmingham Railway, Light & Power Co. v. Coleman.]

3. *Damages; Elements.*—The law can furnish no standard for measuring damages for physical pain and mental suffering, and must therefore, leave such compensation to the sound discretion of the triers of the facts, and yet such damages, when recoverable, are actual, and when a plaintiff is entitled thereto they must be awarded.

4. *Same; Exemplary; Jury Question.*—Exemplary damages are never recoverable as a matter of right, it being a question for the jury whether they shall be allowed at all, and if so, as to the amount, but the jury must exercise their discretion in the light of the evidence.

5. *Same; Instructions.*—The charge asserting that if the jury believed that plaintiff was entitled to recover, they might award him no more than nominal damages, if, in the exercise of a sound discretion they believed this sufficient, was calculated to confuse and mislead the jury, and was properly refused.

6. *Carriers; Passengers; Assault by Employee.*—A street railway company is civilly liable to a passenger for an assault where its conductor assaulted such passenger by presenting a pistol at him at close range, unless the conductor was free from fault in bringing on the difficulty resulting in the use of the pistol, and unless it reasonably appeared to him that it was necessary for him to present the pistol to protect his own person from a battery at the hands of a passenger; hence, the court was not in error in instructing the jury that the assault could not be justified so as to relieve the company from liability unless the conductor was free from fault in bringing on the difficulty, and unless it appeared to him reasonably, and not merely fancifully, that it was reasonably necessary to assault the passenger to protect himself or the person of another passenger, and unless the means employed were in kind and degree no more than was reasonably necessary for such protection.

7. *Same; Justification; Evidence.*—It was proper to charge that the burden of proving its plea of justification was on the street railway company, where the suit was by a passenger against such company for damages for an assault committed by its conductor.

8. *Same.*—Abusive or insulting language by a street car conductor towards a passenger is not to be justified; the passenger being entitled to at least nominal damages, and evidence that such language was brought about by the misconduct of the passenger being admissible in mitigation of damages only.

9. *Same.*—The court's instruction that if there was an unlawful assault without justification "in that sort of a case," the jury should impose punitive damages as punishment for the wrongful act, and that this was left to the jury in the exercise of its sound judgment and discretion, was not erroneous when read in connection with the whole charge; it appearing that in using the quoted words the court meant that where there was an unlawful and unjustifiable assault accompanied by wrongful, abusive and insulting language, the jury could award exemplary damages in their discretion.

10. *Same.*—Where a street car conductor unlawfully and without justification assaults a passenger, at the same time humiliating him by abusive and insulting language, the jury, in its discretion, may award exemplary damages since exemplary damages are recoverable

for assaults or assaults and batteries where the wrongful act is done wantonly or maliciously, or is attended by insult, oppression, or other circumstances of aggravation.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Belton W. Coleman against the Birmingham Railway, Light & Power Company for assault and battery. Judgment for plaintiff, and defendant appeals. Affirmed.

At the request of plaintiff the court gave the following charges:

"(3) The court charges you, gentlemen of the jury, that there is no justification shown by the evidence in this case for the use of any abusive language by the conductor towards the plaintiff.

"(4) The court charges you that the assault with a pistol on plaintiff by the conductor, which the undisputed evidence in this case, if you believe it, shows was committed, cannot be justified so as to relieve defendant from liability to its passenger therefor, unless you find: First, that the conductor was free from fault in bringing on the difficulty, if there was a difficulty; second, that it appeared to the conductor reasonably, and not merely fancifully, that it was reasonably necessary to assault plaintiff in order to protect his own person, or the person of another passenger, and that the means adopted by the conductor were in kind and degree no more than was reasonable for such protection, and the court charges the jury that the burden of proving its plea of justification is on the defendant."

The following charge was refused to the defendant:

"(5) If you believe from the evidence that the plaintiff is entitled to recover, you may award him no more than nominal damages, if in the exercise of the sound discretion you believe this sufficient."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in giving charge 4 requested by the plaintiff.—*State v. Blackwell,* 9 Ala. 79; *Lawson v. State,* 30 Ala. 15; *Johnson v. State,* 35 Ala. 363. The court erred in giving charge 3 requested by plaintiff.—*B. R. & E. Co. v. Baird,* 130 Ala. 334. The court erred in its oral charge as to punitive damages.—*Goolsby v. L. & N.,* 167 Ala. 122; *Lienkauf v. Morris,* 66 Ala. 406; *Snedicor v. Pope,* 143 Ala. 275; 21 How. 213; 101 N. W. 382; 60 L. R. A. 559; 39 Atl. 587; 50 S. W. 541; 77 S. W. 162; 82 N. E. 868. The court should have given charge 5 requested by defendant.—*Cox v. B. R., L. & P. Co.,* 163 Ala. 170; *A. G. S. v. Burgess,* 119 Ala. 555; *Coleman v. Pepper,* 158 Ala. 313; *B. R., L. & P. Co. v. Humphries,* 171 Ala. 291.

HARSH, BEDDOW & FITTS, for appellee. An intent is not essential to a civil liability for assault and battery.—*Chapman v. State,* 78 Ala. 464; *Carlton v. Henry,* 129 Ala. 479; *Seigel v. Long,* 169 Ala. 80. Even under a criminal prosecution as a matter of law, the conductor was guilty of an assault.—*Wilson v. State,* 99 Ala. 194. The court, therefore, was not in error in giving charge 4 requested by plaintiff. The same is true as to charge 3. When read in connection with other parts of the charge, the oral charge of the court complained of is not erroneous.—*Hair v. Little,* 28 Ala. 247; *S. & N. A. R. R. Co. v. McLendon,* 63 Ala. 274; *Day v. Woodward,* 13 How. 364; 26 N. W. 85; *B. R., L. & P. Co. v. Lee,* 153 Ala. 386. The court was not in error as to the measure of damages.—*B. R., L. & P. Co. v. Humphries,* 171 Ala. 291; *Hair v. Little, supra; So. Ry. v. Cothran,* 42 South. 101.

DE GRAFFENRIED, J.—Belton W. Coleman brought this suit against the Birmingham Railway, Light &

Power Company, which operates a line of street cars in the city of Birmingham, to recover damages which said Coleman claims he sustained on account of certain abusive language which it is alleged was used towards him, and on account of an alleged assault with a pistol which was made upon him by a conductor of said Birmingham Railway, Light & Power Company while said Coleman was a passenger on one of its street cars.

There were two counts to the complaint. The first count charged the abusive language, and the second count charged the assault with the pistol.

There was the plea of the general issue, and also a special plea. This specal plea, the appellant contends, was filed to both counts. The special plea was treated by the court below, and, as we read the plea, was properly treated by the court below as a plea to the second count *only*.

1. The facts show, beyond doubt, that appellant's conductor *did* present a pistol at close range at the appellee, and they also show that when he did so he applied certainly one abusive epithet to appellee.

In *civil,* as distinguished from *criminal,* actions, an *intent to injure* is not essential to the liability of the person committing the assault.—*Carlton v. Henry,* 129 Ala. 479, 39 South. 924; *McGee v. State,* 4 Ala. App. 54, 58 South. 1008. "In fact, we think that at times courts have fallen into error in applying, or in attempting to apply, the rules applicable only to *civil* actions for assaults and batteries or trespass to the person to the facts in criminal prosecutions."—*McGee v. State, supra; Thomason v. Gray,* 82 Ala. 291, 3 South. 38; *Chapman v. State,* 78 Ala. 463, 56 Am. Rep. 42.

Under the evidence of the conductor in this case (and his evidence was the most favorable evidence which was introduced on behalf of the appellant), the conductor

committed an assault upon the appellee for which the appellant is civilly liable unless the conductor was free from fault in bringing on the difficulty or trouble which resulted in his presenting his pistol at the appellee and unless, also, at the time he so presented the pistol, it reasonably appeared to the conductor that it was necessary for him to do so to protect his own person from a battery at the hands of appellee.

In the case of *Birmingham Railway & Electric Company v. Baird,* 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43, this court, referring to the right of a conductor in charge of a passenger train of a common carrier to assault a passenger on such train, said: "He cannot assault a passenger in retaliation for an assault committed upon himself or upon another passenger, and a fortiori he cannot assault a passenger for abusive words, or in revenge or punishment under any circumstances, and if he does assault a passenger *otherwise than under a necessity to defend himself* or a passenger from *battery,* or in rightfully ejecting a passenger who, by his conduct toward other passengers, has forfeited his right of carriage, the carrier is liable. The fault of the passenger short of producing a necessity to strike in self-defense will neither justify the conductor in striking nor relieve the carrier from liability for his act. Possibly such fault could be considered in mitigation of damages."—*Ala. City, G. & A. Ry. Co. v. Samply,* 4 Ala. App. 464, 58 South. 974; *Ala. City, G. & A. Ry. Co. v. Sampley,* 169 Ala. 373, 53 South. 142.

We are therefore of the opinion that the trial court was free from error in giving charge 4 (which the reporter will set out) to the jury at the written request of appellee.

2. We know of no case in which it has ever been held that a conductor of a passenger train can *justify* the

use of abusive or insulting language towards a passenger. If a conductor abuses or insults a passenger, the circumstances surrounding the occurrence may be shown, and, if such abuse or insult was brought about by the misconduct of the passenger, then the jury may consider *that* in mitigation of damages, but certainly such passenger would be entitled to recover at least nominal damages.—*Lampkin v. Louisville & Nashville Railroad Company,* 106 Ala. 287, 17 South. 448. The trial court was therefore free from error in giving charge 3 (which the reporter will set out) to the jury at the written request of appellee.

3. The appellant assigns as error the following excerpt from the oral charge of the court: "* * * And if there was an unlawful assault committed on the plaintiff here and that was without justification on the part of the conductor, why, in that sort of a case, you could impose what the law calls punitive damages; that is, damages that undertake to punish the wrongful act. That is left to your sound judgment and discretion." This portion of the charge must, to be understood, be read in connection with what the court said *immediately* preceding it, and we think that it is evident that, when so read, the court intended to say to the jury, and did in fact say to the jury, by the use of the above words, "*in that sort of a case,*" that if there was an unlawful and unjustifiable assault committed by the conductor upon appellee, accompanied with *wrongful, abusive, and insulting language,* applied at the time of the assault by the conductor to appellee, then that under the law the jury in their discretion were authorized to award appellee exemplary damages. The oral charge of the court may be somewhat involved, but it is, as a whole, entitled to a fair and reasonable construction at our hands, and the above excerpt from the charge, read in

connection with the rest of the charge which explains
it and forms a part of it, was a simple statement to the
jury that if the conductor unlawfully and without justi-
fication assaulted the appellee, and if, at the time he did
so, he humiliated appellee by applying abusive and in-
sulting language to him, then the jury were authorized
to award exemplary damages to appellee within their
discretion.   The trial court cannot be put in error for
making the above statement to the jury in the connec-
tion in which it was made.—13 Cyc. p. 105, sub. ix; *Wil-
kinson v. Searcy,* 76 Ala. 176; *Lienkauf & Strauss v.
Morris,* 66 Ala. 406; *Willis v. Miller* (C. C.) 29 Fed. 238.
In civil actions for damages for assaults and batteries
or for assaults, exemplary damages are recoverable
whenever the "wrongful act was done wantonly or ma-
liciously or was attended with insult, oppression, or
other circumstances of aggravation."—13 Cyc. 1108.

4. While the law cannot furnish a standard for the
admeasurement of damages for physical pain and men-
tal suffering in money, and for that reason must leave
such compensation to the sound discretion of the jury,
who, under the evidence, when such damages are recov-
erable, are to allow the party so suffering such sum as
they deem just, not in excess of the amount sued for,
nevertheless such damages, when recoverable are actual
damages in the same sense that damages for the loss of
an eye, an arm, or a foot are actual damages.   If, in
such a case, the discretion of the jury is abused and the
jury award the plaintiff excessive damages, or on the
other hand, abusing their discretion, award the plain-
tiff *no* damages, such verdict may be set aside by the
court.   When a plaintiff is entitled to *actual* damages,
the jury *must* award them.   The *amount* of such actual
damages, subject to the above control of the court, is.
when compensation is to be awarded for mental pain

or physical suffering, or both, necessarily left to the good sense and sound discretion, under the evidence, of the jury trying the case. *Exemplary* damages are *never recoverable* as *matter of right,* and for that reason the law, in cases authorizing *their* imposition, leaves the question as to whether *they* shall be *allowed at all,* and, if so, the *amount* of such exemplary damages, not to exceed the amount sued for, to the sound discretion of the jury, who must exercise that discretion in the light of the evidence in the case. Of course, when exemplary damages are allowed by a jury in a particular case, the trial judge may, if the verdict is so excessive as to show that the jury abused the discretion which the law committed to them, set the verdict aside.—*Montgomery & Eufaula Railway Co. v. Mallette,* 92 Ala. 209, 9 South. 363; *Seed's Case,* 115 Ala. 670, 22 South. 474.

Charge 5 was, to say the least of it, calculated to confuse and mislead the jury, and for that reason was properly refused.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.