# Greenwood Cafe v. Walsh.

### Assault and Battery.

(Decided January 30, 1917.   74 South. 82.)

1. **Assault and Battery; Pleading.**—The count stated and examined and held to state a good cause of action as for an assault and battery.

2. **Same; Charges.**—Where the action was for assault and battery a charge asserting that if the jury were reasonably satisfied that plaintiff entered willingly into the fight with defendant, plaintiff could not recover, was properly refused as submitting a question of law to the jury.

3. **Charge of Court; Covered by Those Given.**—It is not error to refuse charges substantially covered by requested charges given.

4. **Evidence; Photographs.**—Where the action was for assault and battery, photographs in connection with the evidence of the person taking them were admissible to reproduce plaintiff's condition shortly after the alleged injury.

5. **Same; Declarations of Defendant.**—Where the action was for an assault and battery, statements of what defendant said to a third person after the assault on plaintiff, and after plaintiff had left the place where the difficulty occurred, were inadmissible, as they were without value in determining the relative rights of the parties.

6. **Assault and Battery; Self Defense; Elements.**—In order for a party charged with an assault to bring himself within the doctrine of self-defense three elements must appear; first, freedom from fault in bringing on the difficulty; second, a necessity to strike from an impending peril or danger, real or apparent, and third, retreat, unless there is no convenient mode of escape, or the peril will be increased thereby.

7. **Same.**—To make out a case of self-defense, a defendant sued for an assault and battery need not show that he was reasonably impressed at the time in good faith as a reasonable man that he was in imminent peril of life or limb as the law of self-defense in its application in civil assault and bat-

[Greenwood Cafe v. Walsh.]

tery cases, is not the same as applied to homicide cases; the defense being complete in the civil action if defendant did not provoke the difficulty, did not fight willingly, but only to repel or prevent an attack, and used only such force as was reasonably necessary.

8. **Charge of Court; Construction.**—In construing the oral charge of the court it will be construed as a whole and not by excerpt taken therefrom, and if when so construed it states a correct proposition of law a reversal will not follow.

9. **Assault and Battery; Punitive Damages; Jury Question.**—Where there are facts of aggravation, it rests within the sound discretion of the jury to award punitive damages, as distinguished from actual damages in addition to compensatory damages; but no one can claim punitive damages as a matter of right.

10. **Same; Evidence.**—Character evidence is admissible only in criminal cases because of the difference in burden and measure of proof, hence, in a civil action for assault and battery proof of defendant's good character and of his good character for peace and quiet, was not admissible.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by J. L. Walsh against the Greenwood Cafe. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Charge B refused to defendant was as follows:

If, upon consideration of the whole evidence, the jury is reasonably satisfied from the evidence that plaintiff entered willingly into a fight with defendant, then, in that event, plaintiff cannot recover.

The tenth proposition argued by appellant is to the overruling of defendant's objection to the introduction in evidence of certain photographs of plaintiff showing bandages, etc. The eleventh proposition is based upon the refusal of the court to allow the question to the witness Monroe, "When he ordered him out, what did he say?" referring to the fact that Greenwood had ordered Walsh's friend out of the cafe immediately after the difficulty with Walsh. The twenty-fifth and twenty-seventh assignments sufficiently appear. The 28th assignment of error is as follows:

Exception to the following portion of the court's oral charge: "If, under the circumstances, there are facts of aggravation, it rests within the sound discretion of the jury to award punitive damages, as distinguished from actual damages. No party can claim punitive damages as a matter of right. The jury can so regard a case as has things of that kind in it, facts of aggravation, and award punitive damages in addition to compensatory damages."

[Greenwood Cafe v. Walsh.]

ERLE PETTUS, for appellant.   GIBSON & DAVIS, for appellee.

PELHAM, P. J.—This case should be styled "Arthur Green-wood, appellant, v. J. L. Walsh, appellee," for the reason that, though the suit was originally against Greenwood Cafe, a part-nership composed of Arthur Greenwood, Spiro Greenwood and James Greenwood, individually, all parties except Arthur Green-wood were, under the pleadings, stricken as defendants, leaving the suit in the court below simply that of J. L. Walsh v. Arthur Greenwood.   After considerable pleading, not necessary to be stated, the cause was finally tried on count No. 3, which reads as follows:  "Count No. 3.   Plaintiff claims of the defendants $10,-000 as damages, for that heretofore, on, to wit, the 8th day of November, 1913, the defendants were engaged in the business of running and operating a public cafe in the city of Birming-ham, Jefferson county, Ala., for the purpose of serving the public with food for a reward, that on said date the plaintiff was a customer in the defendants' said place of business, defendant Arthur Greenwood wrongfully or unlawfully committed an as-sault and battery on the plaintiff, so that as a proximate result thereof the plaintiff's jawbone was broken, his neck badly bruised and sprained, a tooth was dislocated, and he was otherwise bruised, mashed, mangled, and injured in his head, face, limbs, and body, he was crippled and disfigured, was permanently crip-pled and disfigured, was rendered for a long time unable to work and earn money, was rendered for a long time permanently less able to work and earn money, was caused to suffer great physical pain and mental anguish, was caused to spend money for medi-cine and medical treatment in and about his efforts to heal and cure his said wounds and injuries, to wit, $132.   All to plaintiff's damages aforesaid; hence this suit."

(1)  There are 28 assignments of error, which are argued in appellant's brief under 15 propositions.   The first proposition advanced goes to the sufficiency of the complaint on attack by demurrer.   The count of the complaint on which trial was had states a good cause of action, and was not subject to demurrer filed against it.

(2)  Charge B, which was refused by the court, on which the second proposition of appellant's brief is based, is bad in submit-ting a question of law to the jury, is otherwise faulty, and was substantially given in other charges of the court at appellant's request.

(3) The third, fourth, fifth, sixth, seventh, eighth and ninth propositions of appellant's brief all refer to the court's refusal to give requested charges on self-defense. These refused charges are substantially covered by given charges 2, 13, and 14.

(4) There is no merit in the tenth proposition argued by appellant, based on the objection to the introduction of certain photographs on the trial. These photographs, together with the testimony of the person who took them, were admissible for the purpose of reproducing the condition of the plaintiff (appellee) shortly after the alleged injuries. The photograph of the condition of the plaintiff shortly after the alleged injuries would be as effective in showing the jury his condition at that time as the testimony of a witness; in fact, a photograph would ordinarily be more reliable in showing the plaintiff's condition at the time taken than the description that might be given by any witness.

(5) The eleventh proposition advanced as showing reversible error is not, we think, grounded on erroneous ruling of the court on the evidence. What the defendant said to McGann after the assault on appellee, and after appellee had left the place where the difficulty occurred, was clearly of no value in determining the relative rights between the parties to this suit; nor is it shown what was expected to be elicited by the question.

The twenty-fifth and twenty-seventh assignments of error, treated as the twelfth and thirteenth propositions of appellant's brief, are based on exceptions taken to the court's oral charge to the jury. The court, in its oral charge, stated: "Now, there are four elements constituting self-defense, and before that doctrine can be invoked by any party charged with an offense of this kind, those elements must coexist."

An exception was duly reserved to this portion of the charge, and, separately, to the following: "The second element is that he must be reasonably impressed at the time in good faith, as a reasonable man, that he is in imminent peril of his life or limb. A man is not allowed to invoke the doctrine of self-defense unless he brings himself within the protection of that element of self-defense."

(6) There are but three constituted elements of self-defense recognized by the law, within which the defendant must bring himself to invoke the doctrine of self-defense. They may be stated generally as, first, freedom from fault in bringing on the difficulty; second, a necessity to strike from an impending peril

or danger, real or apparent; and, third, retreat, unless there is no convenient mode of escape, or the peril will be increased thereby. The court was in error in charging that the defendant could not invoke the doctrine of self-defense without bringing himself within the *four* elements enumerated as constituting self-defense.

(7) The excerpt from the court's oral charge defining the second element of self-defense (set out above), to which objection was made and exception noted, is erroneous. The law of self-defense is not the same in its application to assault and battery cases as applied to homicide cases. This defense is complete in the former class of cases, if it appear that the defendant did not provoke the difficulty, and did not fight willingly, but only to repel or prevent an attack upon him, and that in doing this, he used only such force as was reasonably necessary to that end.— *Blankenship v. State,* 11 Ala. App. 125, 65 South. 860; *Beyer v. B. R., L. & P. Co.,* 186 Ala. 56, 64 South. 609. It was not necessary to the defendant's plea of self-defense that he should have honestly been impressed with the belief that he was in imminent peril of life or limb. For the purposes of self-defense, which stops short of killing or attempting to kill, there is no need for the apprehension of serious bodily harm; and it is for the jury to determine in each case whether the defendant's counter assault was protective and justifiable in using no more force than necessary, or was unjustified and unlawful.—Authorities last above cited. See, also, *Howell v. State,* 79 Ala. 283.

(8, 9) We cannot see any merit in the fourteenth proposition of appellant's brief. This is based on the twenty-eighth assignment of error, predicated on the exception to a part of the court's oral charge, when the part excepted to is but a part of the court's instructions on that phase of the case. The court's charge on punitive damages is a fair statement of the law on that subject, and is free from the fault suggested in appellant's exception. See *Avondale Mills v. Bryant,* 10 Ala. App. 507, 63 South. 932; *Abney v. Mize,* 155 Ala. 391, 46 South. 230; *Mitchell v. Gambill,* 140 Ala. 316, 37 South. 294.

(10) One of the principal arguments of appellant's brief is based upon the court's refusal to permit the defendant to introduce evidence of his general good character and his good character for peace and quiet. Attorneys for appellant contend with much force in favor of the admission of testimony of good

[Greenwood Cafe v. Walsh.]

character in a civil action, where the right of action is grounded on damages for assault and battery, on the theory that the action for damage is analogous to a criminal charge for a like offense. No authority supporting this contention is submitted by appellant's attorneys. On the other hand, the general rule, as stated in 16 Cyc. 1263, is as follows: *"Evidence of Character—Civil Cases.* That a person did or did not do a certain act because his character would predispose him to do or not to do it is an inference which, although sometimes logically probative, the English law of evidence, with some exceptions, absolutely rejects, in civil cases."

We can see no better reason why testimony of the character of the defendant is admissible in a case of this kind than in any other action for damages. In all actions for damages, the defendant is charged with some wrongful conduct, either to the person or the rights of the party complaining. If a defendant is sued for damages for running over a person on the public highway, the right of action would be based upon the wrongful conduct of the defendant, and would be dependent upon that issue. The fact that such defendant had a good character generally, or in any particular way, would not be admitted in evidence in defense of the suit, and we can see no reason why, in this cáse, the defendant's character would be a proper issue to introduce as logically tending to affect the rights of the parties. The reason for admitting evidence of good character in criminal cases is because the measure of proof is that the jury must believe the defendant guilty beyond a reasonable doubt, and good character is admitted and may be weighed in connection with the other evidence in the case *for the purpose of creating a reasonable doubt of guilt.* The measure of proof is different in civil cases and the element of reasonable doubt does not enter, for while the same rules govern as to the admissibility of evidence in civil suits and criminal prosecutions, the burden and measure of proof is different.—*Smith v. State,* 13 Ala. App. 411, 69 South. 406, and authorities cited. The reason for the rule does not exist, and the rule should not obtain.

For the errors committed by the court in its oral charge, the case must be reversed.

Reversed and remanded.