(91 South. 589)

## SOUTH BRILLIANT COAL CO. v. WILLIAMS. (6 Div. 495.)

(Supreme Court of Alabama. Oct. 20, 1921. Rehearing Denied Nov. 17, 1921.)

**1. Trial ⊚⇒252(8)—Instruction not warranted by evidence properly refused.**

In an action for assault and battery, a requested instruction that plaintiff was a trespasser was properly refused, where the evidence showed he was either an invitee or a licensee.

**2. Assault and battery ⊚⇒39—Award of punitive damages held within discretion of jury.**

In an action for assault and battery, it was within the jury's discretion to award punitive damages, where there was testimony that defendant had insulted, cursed, threatened to shoot, pointed a pistol at, and kicked plaintiff.

**3. Assault and battery ⊚⇒38—Damages recoverable for injuries to feelings.**

In an action for assault and battery, damages may be recovered for insults, indignities, and injuries to feelings.

**4. Assault and battery ⊚⇒5 — A kick from which no pain results constitutes physical injury.**

A kick constitutes a physical injury for which recovery can be had, in an action for assault and battery, though no pain and but momentary sensation resulted therefrom.

**5. Assault and battery ⊚⇒13—Self-provoked assault or battery actionable, where more force used than necessary for self-defense.**

Recovery may be had for an assault or battery provoked by plaintiff, if defendant used greater force than was necessary for self-defense.

**6. Assault and battery ⊚⇒42—Whether greater force used than necessary for self-defense held for jury.**

In an action for assault or battery provoked by plaintiff, whether defendant used greater force than necessary for self-defense is a jury question.

**7. Appeal and error ⊚⇒1004(1)—Verdict not set aside as excessive, unless evidence clearly warrants.**

In an action for assault and battery, a verdict will not be set aside as excessive, unless clearly shown excessive by the evidence.

**8. Appeal and error ⊚⇒1004(1)—Reasonable assessment of punitive damages not set aside.**

The assessment by a jury of punitive damages, as for a highly aggravated assault, will not be set aside if reasonable.

Appeal from Circuit Court, Marion County; T. L. Sowell, Judge.

Action by J. D. Williams against the South Brilliant Coal Company. From judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint consisted of one count and alleges that the agent or servant of defendant, one Charles Gibbs, while acting within the line or scope of his authority, willfully, wantonly, and maliciously assaulted the plaintiff. At the time Gibbs was the general superintendent of the defendant company, and acting within the course of his employment. One Southern was employed by defendant to furnish timbers for its mines, and plaintiff was employed by Southern to assist him in doing so. Plaintiff was not an employee of the defendant, but the testimony for plaintiff tended to show that he drew his pay for work done for Southern through defendant's office, which was in charge of Gibbs, and that, on the occasion of their difficulty, plaintiff had gone with Southern to Gibbs' office to collect what he claimed to be due, and a dispute, having arisen as to the number of timbers to be paid for, Gibbs cursed the plaintiff, threatened to shoot him, applied to him a foul name, and ordered him to leave; that he left the office and went into the store adjoining where Gibbs followed him, pistol in hand, and handed him a trespass notice. Then Gibbs pointed a pistol at him, cursed and threatened him again, and kicked him on his person as he went around the house, and that plaintiff did nothing to prevent or provoke the difficulty. Four witnesses, who claim to have seen the difficulty, substantially corroborated plaintiff in his version of the difficulty.

Gibbs denied substantially all of plaintiff's testimony as to origin and provocation of the difficulty and its incidents; his testimony, corroborated substantially by two other witnesses, who claimed to have been present, was that plaintiff was the aggressor and demanded his pay in a threatening manner, accompanied by profanity, whereupon he ordered him to leave, caught him by the arm and "kinder" pushed him out of the door, and that he never did curse him or point the pistol at him nor hit him, but only kicked at

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

him in response to a threatened advance by him.

The following charges were refused the defendant:

Charge 2. You cannot find for the plaintiff for anything more than nominal damages, if you believe the evidence in this case.

4. You cannot find for the plaintiff for any amount for any physical injuries.

6. If the plaintiff was not free from fault in bringing on whatever difficulty happened, then you should return a verdict in favor of the defendant.

10. I charge you that plaintiff was not in defendant's employ at the time of the alleged assault, and was a trespasser on defendant's premises.

There was a verdict and judgment for the defendant, in the sum of $1,000, and defendant's motion for new trial being overruled, it appealed.

E. B. & K. V. Fite, of Hamilton, for appellant.

The right to properly eject a trespasser is undoubted. 14 Ala. App. 327, 70 South. 206; 64 South. 185; 5 C. J. 632. Exemplary or punitive damages cannot be recovered, without proof of actual damage. 161 Ala. 114, 49 South. 461; 5 C. J. 707. The amount awarded indicates passion, prejudice, or improper motive, and authorized and required the setting aside of the verdict. 202 Ala. 352, 80 South 434; 124 Ala. 409, 27 South. 471; 201 Ala. 207, 77 South. 733; 204 Ala. 547, 86 South. 389; 10 Ala. App. 507, 63 South. 932; 158 Ala. 652, 47 South. 574; 119 Miss. 791, 81 South. 276; 131 La. 915, 60 South. 615; 25 Fla. 980, 7 South. 172; 141 La. 829, 75 South. 738; 40 La. Ann. 64, 3 South. 462.

J. G. Long, of Winfield, and W. F. Finch, of Jasper, for appellee.

Plaintiff was an invitee and not a trespasser. 189 Ala. 643, 66 South. 609; 6 Ala. App. 448, 60 South. 475; 192 Ala. 501, 68 South. 358; 14 Ala. App. 337, 70 South. 285; 196 Ala. 604, 72 South. 161; 77 South. 695. When self-defense is set up, the burden is on the pleader to show that he was free from fault in bringing on the difficulty. 77 South. 335; 15 Ala. App. 519, 74 South. 82. The jury under the pleading may assess exemplary or punitive damages, and the verdict should not be disturbed on that theory. 10 Ala. App. 507, 63 South. 932; 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; 195 Ala. 312, 70 South. 279; 187 Ala. 458, 65 South. 402; 194 Ala. 333, 70 South. 7; 158 Ala. 652, 47 South. 574; 14 Ala. App. 327, 70 South. 206; 203 Ala. 284, 82 South. 534; 175 Ala. 60, 56 South. 574.

SOMERVILLE, J. [1] On the testimony of plaintiff and the witness Southern, the jury could have found that plaintiff was either an invitee or a licensee on defendant's premises at the time of his altercation with defendant's superintendent, Gibbs, and the requested instruction that he was a trespasser was properly refused.

[2, 3] Very clearly the jury could not have been restricted, under the testimony before them, to an award of nominal damages merely. Apart from the features of insult and indignity and hurt to feelings, existent in this case, and for which damages could be given (Republic, etc., Co. v. Self, 192 Ala. 403, 68 South. 328, 330, L. R. A. 1915F, 516), it was within the sound discretion of the jury to award punitive damages also, in view of the circumstances accompanying the assault, as narrated by the witness for plaintiff (Mitchell v. Gambill, 140 Ala. 316, 37 South. 290; Greenwood Cafe v. Walsh, 15 Ala. App. 519, 74 South. 82).

[4] If, as plaintiff and his witness testified, Gibbs kicked plaintiff with his foot, it cannot be said, as a matter of law, that there was no physical injury to him. In a legal sense it was a physical injury, though it may have caused no physical suffering, and though the sensation resulting therefrom may have lasted for but a moment. Charge No. 4 was therefore properly refused.

[5, 6] The fact that plaintiff was not free from fault in bringing on the difficulty would not prevent a recovery, if the resulting assault or battery was accompanied by greater force than was necessary for the purposes of self-defense. Abney v. Mize, 155 Ala. 391, 46 South. 230. Under the evidence, that was a question for the jury in this case, and charge No. 6 was properly refused.

[7] It is earnestly insisted that defendant's motion for a new trial should have been granted, because the verdict for $1,000 was, under the evidence, so excessive as to indicate that it was the result of passion or prejudice or other improper motive.

[8] We have examined the evidence with due care, and we are of the opinion that, if the jury believed the testimony of plaintiff and his four witnesses, as they may have done, the amount of the verdict cannot be pronounced so clearly excessive as to justify setting it aside. Punitive damages may have been included—as undoubtedly they were—as for a highly aggravated assault, and the discretion of the jury as to the amount awarded, within reasonable limits, must not be denied by the court.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.