(100 South. 139)

## JOHN R. THOMPSON & CO. v. VILDIBILL.
### (6 Div. 95.)

(Supreme Court of Alabama. April 24, 1924.)

1. **Appeal and error ☞1050(1)—Admission of testimony already in evidence without objection held without prejudice.**

In action for damages for assault with pistol, admission of testimony as to whether plaintiff was invited to go into defendant's restaurant, if hearsay, was not prejudicial, where such testimony was already in evidence without objection, and was not controverted.

2. **Trial ☞296(2)—Defects in charge cured by other charge.**

In action for assault with a pistol, defects, if any, in charge that to constitute assault with pistol it is not necessary that there be threat to strike plaintiff with it or that it be waived

at him, and that jury could consider it as a firearm, were cured by defendant's charge defining assault as applicable to facts.

3. **Assault and battery ☞2—Pointing pistol may constitute assault.**

Under Code 1907, § 6893, pointing a pistol by one person at another may constitute assault.

4. **Assault and battery ☞43(6)—Refusal of charge as to plaintiff's physical or mental pain or mental anguish held without error.**

In action for assault with a pistol, where under evidence it was for jury to determine whether plaintiff was proximately caused to suffer either physical or mental pain or mental anguish, and court charged that plaintiff could not recover damages for doctor bills or medical services or loss of time or for battery, there was no error in refusing defendant's requested charges that no award could be made for physical pain or mental pain or anguish.

5. **Assault and battery ☞26—Physical pain, mental pain, or anguish inferred from fright from assault with pistol.**

Physical pain, mental suffering, or mental anguish may be inferred by jury to exist to some extent from proof of fright caused by sudden, unprovocated, unjustifiable assault with a pistol, accompanied with insulting language.

6. **Assault and battery ☞39—Punitive damages may be awarded for assault, accompanied by insulting words.**

If defendant's cashier wrongfully assaulted plaintiff with a pistol, and used insulting words, jury could award punitive damages.

7. **Assault and battery ☞38—Refusal of charge denying recovery for abusive or profane language held proper.**

Where there was evidence that defendant's cashier wrongfully assaulted plaintiff with a pistol, and accompanied assault with use of profane, insulting, or abusive language, there was no error in refusing defendant's charge that damages could not be awarded for use of such language.

8. **Trial ☞240, 248—Refusal of abstract and argumentative charges held proper.**

In action for assault with a pistol by cashier of defendant's restaurant, charges that, though public have implied license to enter restaurant, proprietor could revoke it at any time as to individuals, and eject them if they refused to leave on request, using no unnecessary force, and that defendant could control its restaurant, and admit whom it pleased, and had the right to expel any one abusing privilege of entering, and that, if plaintiff found it necessary to request plaintiff to depart, servants would have legal right to use force to expel him, were argumentative and abstract, and properly refused.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by James W. Vildibill, by his next friend, Elizabeth Vildibill, against John R. Thompson & Co., for damages for an assault. Judgment for plaintiff, and defendant ap-

peals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Charge 1 given for plaintiff is as follows:

"(1) To constitute an assault with a pistol it is not necessary that there be any threat to strike plaintiff with the pistol or that the pistol be waved at plaintiff. It is open to the jury to consider a pistol as a firearm, and in considering whether or not there was an assault to consider it as such, and to consider an assault with a pistol it is not necessary that the pistol be fired."

Charges 9 and 10, refused to defendant, are as follows:

"(9) The court charges the jury that, although the general public have an implied license to enter a restaurant, the proprietor has the liberty to revoke this license at any time as to any individual, and to eject such individual from the premises if he refuses to leave upon being requested to do so, using no more force than was reasonably necessary.

"(10) The court charges the jury that the defendant had a legal right to control the restaurant in which it was engaged in doing business, and it had a right to admit whom it pleased to enter and remain there; that it also had a right to expel any one from the premises who abused the privilege which had thus been given him; and that, if the defendant, its servants or agents in control of its business found it necessary to request the plaintiff to depart from said premises, the defendant's servants or agents would have a legal right to use such force as was reasonably necessary to expel the plaintiff therefrom."

Gibson & Davis, of Birmingham, for appellant.

Charge 1, given for plaintiff, does not correctly state the law. Code 1907, § 6893. The court should have charged against a recovery as for physical pain, no battery having been committed. 5 C. J. 672. Punitive damages were not recoverable in this case. 5 C. J. 702. Nor damages for use of abusive language. Republic I. & S. Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516. Uncommunicated intention cannot be given in evidence. Ala. Fertz. Co. v. Reynolds, 79 Ala. 497; Barnewell v. Stephens, 142 Ala. 609, 38 South. 662.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The pointing of a pistol may constitute assault. B. R., L. & P. Co. v. Coleman, 181 Ala. 478, 61 South. 890; McGee v. State, 4 Ala. App. 54, 58 South. 1008; Carlton v. Henry, 129 Ala. 479, 29 South. 924. Physical and mental pain and sickness may be inferred from other injuries, and may be inferred from fright, or other circumstances of the assault. 1 Sutherland on Damages (2d Ed.) p. 47; Purcell v. St. Paul City Ry. Co., 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203; Spearman v. McCrary, 4 Ala. App. 473, 58 South. 927; 5 C. J. 703; Head v. C. of G.,

79 Ga. 358, 7 S. E. 217, 11 Am. St. Rep. 434; So. Ry. v. Rowe, 198 Ala. 353, 73 South. 634; Vinson v. So. Bell Tel. Co., 188 Ala. 292, 66 South. 100, L. R. A. 1915C, 450; Burley v. Menefee, 129 Mo. App. 518, 108 S. W. 120; Ala. Fuel & Iron Co. v. Baladoni, 15 Ala. App. 316, 73 South. 205; Engle v. Simmons, 148 Ala. 92, 41 South. 1023, L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740; Carmody v. St. L. Transit Co., 122 Mo. App. 338, 99 S. W. 495; Coca-Cola Co. v. Barksdale, 17 Ala. App. 606, 88 South. 37; Connell v. W. U. Tel. Co., 116 Mo. 34, 22 S. W. 345, 20 L. R. A. 172, 38 Am. St. Rep. 575; Vinson v. So. Bell Tel. Co., 188 Ala. 305, 66 South. 100, L. R. A. 1915C, 450; W. U. Tel. Co. v. Henderson, 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148. The question of punitive damages was properly submitted to the jury in this case. Empire Clothing Co. v. Hammons, 17 Ala. App. 60, 81 South. 838; Mitchell v. Gambill, 140 Ala. 318, 37 South. 290; L. & N. v. Kay, 8 Ala. App. 562, 62 South. 1014; Rhodes v. McWilson, 192 Ala. 675, 69 South. 69; South Brilliant Coal Co. v. Williams, 206 Ala. 637, 91 South. 589. Opprobrious, insulting, and abusive language and profanity, in connection with an assault, may be considered by the jury in assessing damages for an assault. Republic Iron & Steel Co. v. Self, 192 Ala. 409, 68 South. 328, L. R. A. 1915F, 516; Burger v. Covert, 75 Wash. 528, 135 Pac. 30, Ann. Cas. 1915C, 81; B. R. L. & P. Co. v. Coleman, supra; 5 C. J. 705. Abstract and argumentative charges are properly refused. 2 R. C. L. 559; Powell v. West, 208 Ala. 388, 94 South. 475; A. G. S. v. Molette, 207 Ala. 624, 93 South. 644; N. C. & St. L. v. Cox, 18 Ala. App. 672, 94 South. 247. General objection to testimony is a waiver of special objection. L. & N. v. Kay, 8 Ala. App. 562, 62 South. 1014; B. R. L. & P. Co. v. Saxon, 179 Ala. 136, 59 South. 591.

MILLER, J. This is a suit by James W. Vildibill, a minor, by his next friend, against John R. Thompson & Co., for damages for an assault by defendant's cashier; defendant being the operator of the restaurant in the city of Birmingham. The defendant pleaded general issue, and self-defense—that the cashier used no more force than was reasonably necessary to repel the attack on him by the plaintiff. The jury returned a verdict in favor of the plaintiff, and this appeal is prosecuted from a judgment thereon by the court against the defendant.

The evidence for the plaintiff tended to show that plaintiff and R. B. Floyd went into the restaurant of defendant together about 11:30 on the night complained of to get something to eat. The plaintiff desired to catch a car to go home, left the table, gave his check to Floyd, who was to pay for the meals, went to the cashier of defendant and told him Floyd had his check, and

would pay him. The cashier was out of humor and very cross; Floyd called to plaintiff to go on and catch his car, that he would pay his check when he came out—which conversation the cashier heard; the amount of the check was 10 cents. Floyd came up, placed the money (10 cents) and check on the counter in front of the cashier, and paid plaintiff's check. The plaintiff started out, the cashier said something to him, to which plaintiff asked, "What did you say?" and the cashier then drew a pistol, and pointed it at the plaintiff, and said to him, "To get to God damn hell out of there real quick," or "God damn you, get out of here, and get out of here quick," or " God damn you, you get out of here." Floyd then stepped between the plaintiff and the cashier, and plaintiff went out of the restaurant. The plaintiff missed his car, and was "pretty badly scared" when the cashier pointed the pistol at him. The plaintiff did not use any indecent words to the cashier, nor threaten him, nor strike him, offer to strike him, or rush at him, or "anything of the sort." This cashier was in charge of this restaurant of the defendant that night.

The evidence for the defendant tended to show plaintiff came up to the cashier, and the cashier said, "Check please," and plaintiff said "a boy in the back had it," and he asked him again for the check, as he was responsible for it, and the other boy came up and paid the check, then plaintiff started to the door, and then "came back very hastily, and made an impertinent remark, the latter part of which was, 'What the hell is the matter now?'" The cashier testified: "When he [plaintiff] came back, I took a gun out of the drawer and told him to get out, I didn't present it at him; I just held it behind the counter. I did not point the gun in his direction. I did not say to him, 'God damn you, get out of here or I will kill you,' or anything like that. I did not say, 'Get the damn hell out of here quick.' I did not say, 'God damn you, get out of here, and get out of here quick,' or something like that."

[1] R. B. Floyd, witness for the plaintiff, over objection of defendant, testified "that he asked the plaintiff to go with him to supper at this restaurant." The plaintiff testified in his own behalf, without objection of the defendant, "That night Floyd was coming up the street towards Twentieth street, and I saw him and overtook him, and he then invited me to go to Thompson's with him." The plaintiff, over objection of the defendant, was then asked, and answered the following question: "Were you then invited to go there? Answer: Yes, sir."

Whether the facts called for by these questions and the answers to them were incompetent evidence as hearsay or as calling for uncommunicated intentions we need not decide, because the defendant was not prejudiced by these rulings, and the testimony called for by these questions was in evidence, as hereinbefore shown, without objection of the defendant, and was not controverted. Moore v. Whitmore, 189 Ala. 617, h. n. 15, 66 South. 601.

The charges are neither numbered nor lettered, so we will number those assigned as error on the margin of the record for identification.

[2, 3] The written charge numbered 1, given by the court at the request of the plaintiff, was not erroneous. It was informing the jury what was not necessarily contained in an assault, and that it was open to them, the jury, to consider a pistol as a firearm. It may have called for an explanatory charge defining assault as applicable to this case, which the defendant did by asking written charge numbered by us 2, which was given by the court. The giving of charge numbered 2 cured the defects, if any, in given charge 1. The pointing of a pistol by one person at another may constitute an assault. Section 6893, Code 1907; McGee v. State, 4 Ala. App. 54, 58 South. 1008; B. R. L. & P. Co. v. Coleman, 181 Ala. 478, 61 South. 890; Carlton v. Henry, 129 Ala. 483, 29 South. 924.

[4] Written charges 3 and 4, separately requested by the defendant, were separately refused by the court. The defendant by the former requested the court to instruct the jury that no award to plaintiff for damages could be made for physical pain, if they believed the evidence; and the latter charge was the same as the former, except it used the words "mental pain or mental anguish," instead of the words "physical pain." The plaintiff claimed in his complaint damages for mental and physical pain and anguish.

Under one phase of this evidence the jury could believe the cashier of defendant was "cross and out of humor," and without just provocation suddenly drew a pistol, pointed it at plaintiff, a customer in the restaurant, on his way to take a car for his home; "scared him pretty badly," and ordered him to get out of the restaurant, "God damn you," and "get out damn quick"; and the plaintiff then missed his car near midnight.

Under such circumstances, if believed by the jury, it was for them to determine whether the plaintiff was proximately caused thereby to suffer either physical pain or mental pain or mental anguish, or all three to some extent. The court in its oral charge to the jury left it for them to determine from the evidence if the plaintiff suffered mental pain, mental anguish, or physical pain from the alleged assault. The court, in writing, charged the jury, at the request of the defendant, that plaintiff could not, if they believed the evidence, recover damages for doctor's bills or medical services or loss of time or for a battery. This excluded from their consideration damages for a "traumatic injury." The court did not err in refusing these charges numbered 3 and 4.

In Vinson v. Southern Bell Tel. & Tel. Co., 188 Ala. 304, 66 South. 103, L. R. A. 1915C, 450, this court wrote:

"It has never been supposed that only permanent injuries were injuries to the person; nor that only visible 'injuries or injuries susceptible of being discovered or known through any of the five senses of another observing a person alleged to 'have suffered injury or injuries to the person."

[5] Physical pain, mental suffering, or mental anguish, or all three, may be inferred by the jury to exist to some extent from proof of fright caused by a sudden, unprovocated, unjustifiable assault with a pistol, accompanied with insulting language. See discussion of physical injury caused by fright in section 21 of 1 Sutherland on Damages (2d Ed.) p. 386. In Engle v. Simmons, 148 Ala. 95, 41 South. 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740, this court quoted with approval the following: "That a physical, personal injury may be produced through a strong emotion of the mind there can be no doubt." See Birmingham R., L. & P. Co. v. Coleman, 181 Ala. 478, 61 South. 890; Spearman v. McCrary, 4 Ala. App. 473, 58 South. 927, approved in Ex parte Spearman, 177 Ala. 672, 58 South. 1038; Ala. Fuel & Iron Co. v. Baladoni, 5 Ala. App. 316, 73 South. 205; Vinson v. Southern Bell Tel. & Tel. Co., 188 Ala. 292, 66 South. 100, L. R. A. 1915C, 450; Southern Ry. Co. v. Rowe, 198 Ala. 353, 73 South. 634; Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516.

[6] The court refused written charge numbered 5 requested by the defendant, it directed the jury, if they believed the evidence in the case, that they could not award the plaintiff any damages for the purpose of punishing the defendant. The complaint charges that defendant's cashier wrongfully assaulted him with a pistol, accompanied by insulting words. There was evidence tending to sustain these averments, and the court did not err in refusing that charge. In civil actions for damages for an assault punitive damages may be recovered whenever there is averment and proof tending to show that the assault was wrongful and attended with an insult or other circumstances of aggravation. B. R., L. & P. Co. v. Coleman, 181 Ala. 485, h. n. 10, 61 South. 890; South. Brilliant Coal Co. v. Williams, 206 Ala. 637, 91 South. 589.

[7] The court refused separately written charges numbered 6, 7, and 8, separately asked by the defendant. These charges direct the jury, if they believe the evidence in the case, they cannot award plaintiff any damages for use of "abusive language," or "profane language," or "insulting language" on the part of the defendant's employé.

The complaint alleged the defendant's employé, the cashier, wrongfully assaulted plaintiff with a pistol, and accompanied the assault with the use of profane, insulting, or abusive language towards plaintiff, for which damages are claimed. There was some evidence tending to prove each and all of these averments; and, if that evidence was believed by the jury, the plaintiff would be entitled to recover damages therefor. In Republic Iron & Steel Co. v. Self, 192 Ala. 409, 68 South. 330, L. R. A. 1915F, 516, this court wrote:

"The law in such case allows the jury to assess damages for the insult and the indignity, and for the hurt to the feelings, and for mental suffering and fright caused by assault."

See, also, South. Brilliant Coal Co. v. Williams, 206 Ala. 637, 91 South. 589, h. n. 3; B. R., L. & P. Co. v. Coleman, 181 Ala. 478, h. n. 8 and 10, 61 South. 890. The court did not err in refusing these charges numbered 6, 7, and 8. Authorities, supra.

[8] Written charges numbered 9 and 10, requested by the defendant, were each properly refused by the court. These charges are argumentative, and in some respects abstract, if not otherwise bad. Powell v. West, 208 Ala. 388, 94 South. 475; A. G. S. R. Co. v. Molette, 207 Ala. 624, 93 South. 644, h. n. 4.

The court refused the following written charge requested by the defendant: "The court charges the jury you cannot award plaintiff any damages for sickness."

The complaint alleged the plaintiff was made sick. There is no direct proof of sickness of the plaintiff caused by the assault. If proved at all, it is by inference only, to be drawn from proof of fright and the aggravating circumstances of the assault by acts and words, which we do not decide. The defendant cannot justly complain at or be prejudiced by the refusal of the court to give this charge, because the court instructed the jury in its oral charge, if plaintiff was entitled to recover the elements for which damages could be obtained in this case, and the court did not include therein sickness of the plaintiff. The court, as hereinbefore shown, charged the jury in writing that plaintiff could not recover for doctor's bills, medical services, or loss of time, and the oral charge of the court instructing them as to damages recoverable did not include sickness of plaintiff. The court summed up the damages recoverable in the following language in its oral charge:

"If the plaintiff is entitled to recover under the count as charged here, he would be entitled to recover, if you believe he suffered, he would be entitled to recover such an amount as you think would be compensation for the humiliation and mental and physical pain and anguish—he would have evidence to show that there was physical pain, and, if the jury believe from the evidence in this case that he suffered physical pain and anguish, he would be entitled to recover such amount as the jury

in its sound discretion from the evidence before you decides would be compensation." L. & N. R. R. Co. v. Dumas, 209 Ala. 324, h. n. 6, 96 South. 243.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.