504 So.2d 222 (1986)
Robert W. PEETE, M.D.
v.
Beverly S. BLACKWELL.
85-491.
Supreme Court of Alabama.
December 19, 1986.
Rehearing Denied March 20, 1987.
Dan C. Totten of Malone, Totten & Anderson, Athens, for appellant.
Thomas E. Dutton and Timothy C. Davis of Emond & Vines, Birmingham, for appellee.
TORBERT, Chief Justice.
This is an assault and battery case. The defendant, Dr. Robert W. Peete, appeals from a judgment based on a jury verdict assessing punitive damages against him. Peete contends that punitive damages were improperly awarded in this case. For the reasons set forth below, we reject Dr. Peete's arguments and affirm the judgment of the trial court.
In late December 1983, the defendant, Dr. Robert W. Peete, hospitalized one of his patients for a severe nosebleed. As part of this patient's treatment, Dr. Peete applied anterior and posterior nasal packs to control the bleeding. On December 26, Dr. Peete was recalled to the hospital, because this patient was again experiencing difficulties. When he arrived there, he found that the string securing the posterior pack had been cut and that his patient was bleeding profusely. Because his patient was in danger of suffocation, Dr. Peete immediately sought to retrieve the pack and to control the bleeding. In order to retrieve the posterior pack, Peete required the use of a suction machine to remove the *223 blood from his patient's throat. Unless this blood was removed, he could not see well enough to remove the pack.
He was assisted in these efforts by the plaintiff, Beverly S. Blackwell, the nurse in charge of the floor on which the patient had been hospitalized. Blackwell testified that at one point Peete struck her on the forearm and demanded that she "turn on the [goddamn] suction."[1] She also testified that no physical injury of any kind resulted from this striking. It is from this incident that this case arose.
In a trial before a jury, Blackwell alleged that Peete had committed an assault and battery against her. She demanded $1.00 in compensatory damages and $100,000 in punitive damages. The jury returned a verdict against Peete in the amount of $10,001, indicating that the jury found for the plaintiff on her assault and battery claim and that they assessed $10,000 in punitive damages against Peete. The trial court entered judgment on this verdict and did not rule within 90 days on Peete's motion for judgment notwithstanding the verdict, his motion for new trial, or his motion to alter or amend the judgment. These motions were thus denied pursuant to A.R. Civ.P. 59.1.
Although Peete testified at trial that he did not strike the plaintiff, he does not challenge the finding that he committed an assault and battery. Rather, he argues on this appeal that the punitive damages awarded in this case were excessive or that they were improperly awarded in light of the evidence presented, and he asserts that the trial court therefore erred in denying his various post-trial motions.
Our rules regarding the award of punitive damages for assault and battery are relatively clear and well-established. While one of our recent cases stated that punitive damages are available for assault and battery where the "acts complained of were committed with malice, willfulness, or wanton and reckless disregard of the rights of others," Surrency v. Harbison, 489 So.2d 1097, 1105 (Ala.1986), our previous cases have typically held that assault and battery will support an award of punitive damages "whenever there is averment and proof tending to show that the act charged was wrongful and attended with an insult or other circumstances of aggravation." John R. Thompson & Co. v. Vildibill, 211 Ala. 199, 202, 100 So. 139, 141 (1924). See, e.g., Shelley v. Clark, 267 Ala. 621, 103 So.2d 743 (1958);[2]Harrison v. Mitchell, 391 So.2d 1038 (Ala.Civ.App.1980). In short, the longstanding rule of this jurisdiction requires that particularized circumstances of aggravation or insult appear in cases of assault and battery if punitive damages are to be properly awarded.
Although Peete's specific challenges to the award of punitive damages are somewhat unclear, we discern two basic grounds for his objections. First, he asserts error on wholly evidentiary grounds. He argues that the evidence presented was insufficient to show the requisite "insult or other aggravating circumstances" required for an award of punitive damages, and he therefore asserts error in the trial court's refusal to grant his motion for judgment notwithstanding the verdict. Alternatively, he contends that, even if sufficient evidence of aggravating circumstances was presented, the actual assessment of punitive damages was against the weight and preponderance of that evidence, and he therefore asserts error in the trial court's refusal to grant his motion for new trial. *224 Second, in his brief he challenges the award on the grounds of excessiveness. He argues that, even if the evidence supports some award of punitive damages, the amount awarded in this case was clearly excessive. He therefore contends that "excessiveness" is an alternative ground for finding error in the trial court's refusal to grant a new trial. We will discuss each of these challenges in turn.
In Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), we summarized the standards of appellate review applicable to Peete's evidentiary challenges as follows:
"A motion for directed verdict or JNOV is tested against the scintilla rule, which requires that a question go to the jury `if the evidence or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint.' Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975). In reviewing a trial court's ruling on these motions, the appellate court, guided by the standard of the scintilla rule, determines whether there was sufficient evidence below to produce a conflict warranting jury consideration. Baker v. Chastain, 389 So. 2d 932 (Ala.1980). Like the trial court, the appellate court must view all the evidence in a light most favorable to the non-moving party. Ritch v. Waldrop, 428 So.2d 1 (Ala.1982).
"In reviewing a trial court's ruling on a new trial motion, based on the weight and preponderance of the evidence, the standard of review guiding the appellate court is whether the trial court abused its discretion in disposing of the motion. Pepsi-Cola Bottling Co. v. Colonial Sugars, a Division of Borden, Inc., 423 So.2d 190 (Ala.1982). The trial court's decision will not be overturned on appeal unless the evidence `plainly and palpably' shows that the trial court erred in ruling on the motion for new trial. Herrington v. Central Soya Co., 420 So.2d 1 (Ala. 1982). The appellate court must view the tendencies of the evidence most favorable to the non-moving party and must indulge such inferences as the jury was free to draw. Cooper v. Peturis, 384 So.2d 1087 (Ala.1980)."
Id. at 1376. The evidence in this case meets these standards.
Viewing this evidence in a light most favorable to the non-moving party, we find that the jury could have found that the doctor had insulted the hospital staff prior to the time the incident took place. In addition, the jury could have found that Dr. Peete cursed frequently throughout the events leading up to the incident, that he had been "yelling and hollering" earlier in the morning, and that he threw or slammed a patient's chart across a desk some time prior to the striking. Finally, the evidence is uncontradicted that Dr. Peete cursed at nurse Blackwell at the time the alleged striking occurred. While telling Blackwell to "turn on the goddamn suction" is arguably not an "insult" to Blackwell, this statement does present at least a scintilla of evidence that "aggravating circumstances" in the form of angry or intimidating behavior accompanied the assault and battery, especially when considered in light of the evidence reflecting on Peete's earlier actions. Given this evidentiary showing, the trial court properly denied Peete's motion for judgment notwithstanding the verdict.
Likewise, we do not believe that the trial court erred in failing to grant a new trial on the basis of the weight and preponderance of the evidence. Admittedly, both plaintiff and defendant testified that this incident arose in the midst of a medical emergency in which a human life was threatened. In view of this fact, which tends to indicate that this was not an "aggravated" assault and battery, reasonable minds might well differ on the question of whether a strong case was actually made for an award of punitive damages. We cannot say, however, that the evidence in this case "plainly and palpably" shows that the trial court erred in failing to grant a new trial. We find no "abuse of discretion" in the trial court's decision to allow some award of punitive damages, in view of the evidence tending to show that the required circumstances of aggravation or *225 insult accompanied this assault and battery. Therefore, on the basis of the evidence presented, we cannot say that an award of punitive damages in some amount was improper in this case.
As noted previously, however, Dr. Peete also challenges this award as being excessive. Although it is axiomatic that our courts are reluctant to disturb jury verdicts on the basis of excessiveness, court interference is proper where justice is served, as where it "clearly appears that the jury's verdict is so excessive as to indicate that it is the result of `bias, passion, prejudice or other improper motive' or `some mistaken view of the merits of the case....'" White v. Fridge, 461 So.2d 793, 794-95 (Ala.1984) (quoting Vest v. Gay, 275 Ala. 286, 154 So.2d 297 (1963)). Likewise, verdicts which "shock the conscience of the court" are considered excessive and should presumably be set aside. See Village Toyota Co. v. Stewart, 433 So.2d 1150 (Ala.1983); U-Haul Co. of Alabama v. Long, 382 So.2d 545 (Ala.1980); Foster v. Floyd, 276 Ala. 428, 163 So.2d 213 (1964).
Although we might well question the size of this verdict as being contrary to some of the above rules, we are foreclosed from doing so in this case.
"Our cases make it clear that the question of the excessiveness of the jury's verdict will not be considered or determined on appeal unless such question is first presented to the lower court which is usually done by motion for a new trial. The motion must specifically challenge or question the amount of the verdict as being excessive. Section 811, Title 7, Code of 1940 [§ 12-22-71, Code 1975]; Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 274; Central of Georgia R. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Central of Georgia R. Co. v. Chambers, 197 Ala. 93, 72 So. 351.
"The obvious purpose of requiring the question of the excessiveness of the verdict to be first raised in the lower court, is to provide an opportunity for the trial judge to resolve the question and an opportunity for the appellee to file a remittitur without the additional expense, inconvenience and delay of appeal and without burdening the Supreme Court with such a question raised for the first time on appeal."
State v. Ferguson, 269 Ala. 44, 45, 110 So.2d 280, 281-82 (1959); Feazell v. Campbell, 358 So.2d 1017, 1019 (Ala.1978) (emphasis added).
An examination of Dr. Peete's post-trial motions reveals that no specific challenge on the ground of excessiveness was presented to the trial court. It is true that one ground in support of Peete's post-trial motions is "[t]hat the verdict rendered by the jury in this case was the result of bias and prejudice against the Defendant and is contrary to the law and evidence." While the "bias and prejudice" of the jury is one conclusion which may be drawn from an excessive verdict, this ground does not direct the trial court's attention to the specific issue of excessiveness. Instead, this ground, like the others advanced by Dr. Peete, challenges the award as being unsupported by the law and the evidence, rather than challenging the excessiveness of an otherwise proper award. We also note that the trial court did not direct the jury as to the amount of the verdict and that the question of excessiveness does not appear elsewhere in the record. The record, therefore, discloses no ruling in which the trial court acted on the question the defendant now seeks to have reviewed. In view of this fact, we cannot say that the court erred on the basis of the excessiveness of the verdict. The issue was no more before the trial court than it is before us.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, ALMON and BEATTY, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
The excessiveness of the verdict was not an issue presented to this Court for review. *226 If it had been, I would have voted to remand for reconsideration of the remittitur issue in compliance with the standards set forth in Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); Harmon v. Motors Insurance Corp., 493 So.2d 1370 (Ala. 1986); Alabama Farm Bureau Mut. Casualty Insurance Co. v. Griffin, 493 So.2d 1379 (Ala.1986) (on rehearing); Reinhardt Motors, Inc. v. Boston [Ms. October 3, 1986] (Ala.1986).
NOTES
[1] The record of Blackwell's testimony indicates that she never repeated Peete's statement of "goddamn" in court; rather, she testified only that Peete took the Lord's name in vain.
[2] Shelley v. Clark actually states the rule in the conjunctive: "It is well established that [in] a civil suits [sic] for an assault or assault and battery, the jury in its discretion may award punitive damages whenever there is averment and proof tending to show that the act charged was wrongful and attended with an insult and other circumstances of aggravation." Shelley, 267 Ala. at 624, 103 So.2d at 746 (emphasis added). This is probably an incorrect statement of the rule, which appears in other cases in the disjunctive, e.g., Vildibill, supra, or without reference to "insult" at all, requiring only that there be circumstances of aggravation, e.g., Empire Clothing Co. v. Hammons, 17 Ala.App. 60, 81 So. 838 (1919); Greenwood Cafe v. Walsh, 15 Ala.App. 519, 74 So. 82 (1917).