# Alabama City, G. & A. Ry. Co. v. Sampley.

*Damage for Assault and Battery on Passenger.*

(Decided June 2, 1910.   53 South. 142.)

1. *Carriers; Passengers; Assault by Conductor; Complaint.*—A general averment in the complaint that plaintiff was a passenger at the time of the assault, in an action by a passenger against the carrier for an assault by the conductor, is sufficient; the complaint need not allege that the passenger was on the car at the time.

2. *Same; Liability.*—Where a conductor in the employment of the defendant attacked a passenger before he alighted from the car and continued the attack after the passenger had left the car, the carrier is liable not only for the initial assault but for the consequences following therefrom in natural sequence, and as a part of one continuous transaction.

3. *Same; Evidence.*—In an action by a passenger against a carrier for assault by a conductor, where the evidence showed that the assault followed a wrangle concerning the failure of the passenger, and his companion to get off the car at their destination, the facts as to whether their failure to leave the car was due to their negligence and carelessness, or to the conductor's failure to announce the station were competent evidence as shedding light on the contention of the parties, and to mitigate the damages, although neither reason for failing to get off would be conclusive on the passenger's right to recovery.

4. *Same.*—Where the action was by a passenger against a carrier for an assault alleged to have been committed by its conductor, questions as to whether the passenger abused the conductor or tried to bulldoze him, were improper as calling for mere conclusion.

[Alabama City, G. & A. Ry. Co. v. Sampley.]

5. *Same; Instructions.*—Where the action was for an assault on passengers by a conductor and the carrier sought to show in defense that the assault was necessary in the protection of the conductor's person, a charge asserting that if the passenger first struck the conductor, and the conductor only struck the passenger to protect himself from assault, the jury should find for the carrier, was proper.

6. *Same; Duty to Protect Passengers.*—It is the duty of the carrier to carry its passengers safely, and to conserve by every reasonable means their safety throughout the journey and protect them from insult or personal violence from other passengers, strangers or employees, and such continues until the passenger is safely landed at his destination.

7. *Same; Evidence.*—Where the action was by a passenger against the carrier for an assault committed by its conductor, and the complaint alleged that the conductor assaulted the passenger and also suffered other persons to assault him, evidence that while the passenger and the conductor were fighting some person ran from the car and struck the passenger, and that the conductor did not undertake to prevent such person from striking the passenger, was responsive to the issues and competent, although the passengers subsequently failed to prove that the conductor knew or had any reason to anticipate that said person was about to assault a passenger, thereby failing to show the carrier's responsibility for such an assault.

8. *Same; Res Gestae.*—Where the action was by the passenger against a carrier for an assault committed by its conductor, and the evidence showed that the assault followed a wrangle concerning the failure of the passenger and his companion to leave the car at their destination, what the passenger and his companion said at the time was admissible as a part of the res gestae and as tending to show who was in fault for the failure of the passenger to alight at destination.

9. *Appeal and Error; Record; Presumption.*—Where the record is uncertain whether certain counts in the complaint had been amended, in order to support the ruling of the trial court admitting evidence in response to the allegations of the count, this court, must, on appeal, presume that the counts had not been amended.

10. *Same; Harmless Error; Evidence.*—It is harmless error to permit a witness to repeat on redirect examination a statement made in response to a question asked on cross examination, if error at all.

11. *Same.*—Where the action was by a passenger against a carrier for an assault by the conductor if it was error to sustain an objection to a question to a companion of the plaintiff whether he had said anything to raise a row, the question being asked on cross examination, it was not error to reversal although the court in its discretion might have allowed the question, since the carrier had no absolute right to have the witness determine whether he had said anything calculated to bring on a difficulty, or to state his undisclosed purpose in bringing on a difficulty.

12. *Trial; Disposing of Evidence; Instructions.*—Where evidence was admitted as responsive to the issues but there was a failure of proof sufficient to authorize a recovery based on such evidence, the remedy against such evidence was by motion or instruction on the conclusion of the whole evidence.

[Alabama City, G. & A. Ry. Co. v. Sampley.]

13. *Charge of Court; Conformity to Issue.*—Where the action was by a passenger against the carrier for an assault committed by the conductor, and the theory of the plaintiff was that the conductor assaulted him while he was a passenger, and the theory of the defendant was that the relation of passenger and carrier had ceased at the time of the assault, so that the carrier owed the passenger no duty to guard him against the assault of the conductor, charges as to the duty of carrier to its passengers in the operation of its conveyances, or as to taking precautions against assault from others and its employees, were irresponsive to any issues in the case, and therefore abstract and immaterial.

14. *Same; Burden of Proof.*—Charges requiring the jury to be satisfied as to certain matters material to a recovery require a too high degree of proof in civil cases, since a party has the duty to satisfy the jury reasonably of the truth of its contentions.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by James J. Sampley against the Alabama City, Gadsden & Attalla Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The questions referred to in assignments 15 and 16 are as follows: "Did you abuse the conductor?" "Didn't you try to bulldoze him?"

The following charges were refused to the defendant: "(2) Unless the plaintiff has lifted the burden of proof, and satisfied the jury that Lovejoy assaulted plaintiff while on the car or on its step, the plaintiff is not entitled to recover. (3) The court charges the jury that if Sampley first struck Lovejoy, the conductor, and Lovejoy only struck Sampley to protect himself from assault, the jury should find the verdict for the defendant."

HOOD & MURPHREE, for appellant. Counsel discuss the errors assigned as to the pleading and the evidence, but without citation of authority. Counsel insist that the court erred in its oral charge and erred in refusing its requested instructions.—*G. & A. U. Ry. Co. v. Cansler*, 97 Ala. 236; 6 Cyc. 591.

[Alabama City, G. & A. Ry. Co. v. Sampley.]

GOODHUE & BLACKWOOD, for appellee.  The court will presume that the complaint had not been amended in order to support the admission of evidence relative thereto where the record does not clearly show that such pleadings had been amended.—*Kelly v. Burke*, 132 Ala. 235.  There was therefore, no error in admitting proof that others than the conductor struck the plaintiff.  Counsel discuss other assignments of error, but without citation of authority.  Counsel also discuss the oral charges of the court and the written charges refused, and as to written charge 2, they cite *Torrey v. Burney*, 113 Ala. 504; *Lawrence v. Ala. S. L. Co.*, 144 Ala. 530.

SAYRE, J.—Suing as a passenger, appellee claimed damages for an assault and battery at the hands of defendant's conductor.  The fourth count alleges that plaintiff was, on an occasion specified, a passenger on one of defendant's cars, and that while he was a passenger defendant's conductor in charge of the car did assault and beat him.  No good purpose was served by incumbering the count with the averment of details.  On a principle to be referred to presently it may have been that plaintiff's right to a passenger's immunity from abuse and mistreatment by defendant's servants extended beyond the time when he was actually upon the car.  In stating his case, therefore, it was not essential that plaintiff should allege that he was upon the car.  The general averment that he was a passenger at the time of the wrong and injury complained of was sufficient, and the count was not demurrable.

Plaintiff, with two companions, got upon the defendant's car at Attalla for passage to Alabama City.  This was between 9 and 10 o'clock in the evening.  The car stopped at Alabama City, but it appears that plaintiff

and his companions were unfamiliar with the route, and failed to alight there. Afterwards, when the conductor demanded a second fare for transportation to Gadsden towards which point the car was moving, as ordinarily he was entitled to do, an altercation arose as to whether he had announced the Alabama City station. Defendant assigned fault in bringing on the controversy to the fact that plaintiff's party had been drinking, and this theory had substantial support in the evidence. However that may have been, no conduct of the party while they remained upon the car, such as would excuse an assault upon the plaintiff, was shown.—*Birmingham Railway & Electric Co. v. Baird*, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43. The question vital to this case, and about which the evidence was in sharp conflict, was whether defendant's conductor attacked plaintiff before he had alighted from the car, the rest following uninterruptedly as plaintiff contended, or whether on the contrary, defendant's conductor, having been dragged from the car step by plaintiff, acted in defense of himself against an attack made upon him by plaintiff, and possibly one of his companions, after the latter had alighted from the car, or in any case, whether the conductor did not defer his attack until plaintiff had gone some 15 feet away from the car. Each of these versions found support in the evidence. On defendant's version of the facts least variant from that put forward by plaintiff, namely, that although the conductor was not justified on the ground of necessary self-defense, he deferred his attack until plaintiff had safely gone his way some 15 feet from the car, the conductor's wrongful act was without the range of his employment, and the defendant was not liable.—*Gilliam v. S. & N. A. R. Co.*, 70 Ala. 270. On plaintiff's con-

tention as to the facts defendant was responsible, we think, not only for the initial assault but for such consequences as followed therefrom in natural sequence and as a part of one continuous transaction. Common carriers are obliged, not only to carry passengers safely, but also to conserve by every reasonable means their comfort and safety throughout the journey, and protect them from indignity, insult, and personal violence whether from other passengers, strangers, or employes.—*Birmingham Ry. & Electric Co. v. Baird, supra.* The relation, and the duties arising out of it, continues until the passenger is safely landed at his destination.—*Montgomery St. Ry. Co. v. Mason,* 133 Ala. 508, 32 South. 261; *Birmingham Light & Power Co. v. Anderson,* 163 Ala. 72, 50 South. 1021.

Counts 3, 7, and 8 contained an averment that defendant's conductor did also permit and suffer other persons to assault and beat plaintiff. Count 3 was stricken on demurrer, and this averment, on the day of the trial, was eliminated by amendment from counts 7 and 8. Frost, one of plaintiff's companions on that occasion and a witness for him at the trial, testified without objection that while plaintiff and conductor were fighting on the ground, some person ran from the car and struck plaintiff. The witness was then permitted, over defendant's objection, to testify that the conductor did not undertake to prevent the other person striking plaintiff. It must be presumed here that counts 7 and 8 had not yet been amended, because the record leaves the matter at large, and this presumption favors the ruling of the trial court.—*Kelly v. Burke,* 132 Ala. 245, 31 South. 512. In this status of the case the question and answer were directly responsive to one of the issues presented by the pleading. It is true beyond question that on the evidence as a whole and as it finally

appeared, defendant's conductor neither knew nor had any reason to anticipate that the third person was about to assault plaintiff, and, therefore, that neither the conductor nor the defendant, under the circumstances obtaining at the moment, were responsible for that assault. But the court was not required to antici pate the final failure of plaintiff's proof in respect to responsibility for this assault, nor was its action invoked on the ground that on the case, as it then stood, defendant could not be held responsible. Plaintiff's remedy against this testimony was by motion or charge on the conclusion of the whole evidence.

On cross-examination defendant asked the witness Frost: "You hadn't said anything to raise a row?" We cannot put the trial court in error for sustaining an objection to this question, though the court, in its discretionary control of the cross-examination, might well have allowed it. Defendant had no absolute right to have the witness sit in judgment whether anything he had said was calculated to bring on a difficulty between plaintiff and the conductor. If the question, on its other permissible interpretation, intended to ask whether the witness had said anything with the purpose of bringing on the difficulty, it asked for a purpose wholly foreign to the merits of the difficulty which resulted in an assault upon plaintiff by the conductor. Those merits were to be determined upon consideration of what was said and done rather than upon any secret, uncommunicated purpose of the witness. There is, of course, nothing in the exception to the admission of the testimony of this witness, on redirect examination, to the effect that he had told the conductor, when he paid his fare, where he wanted to get off. This testimony was a literal repetition of what the witness had

responsively sworn in answer to a question by the defendant.

This witness was permitted to testify that he did not know when the car passed through Alabama City, and that he became aware of that fact after the car had passed that point. Whether the fact that plaintiff and his companions, of whom this witness was one, remained on the car after it had stopped at Alabama City, was attributable to the fault of the conductor in failing to announce the station or to the drunken carelessness and inattention of plaintiff's party—either inference being open to the jury—was not conclusive of plaintiff's right one way or the other. But the assault upon plaintiff having followed upon a wordy wrangle concerning the failure of plaintiff's party to get off at Alabama City, it was proper to put the jury in possession of facts by which they might locate the fault as shedding light upon the respective contentions and to mitigate damages in the event that contention should be determined against the defendant.

There was no error in sustaining objections to the questions addressed to plaintiff by defendant, and made the subject of assignments of error 15 and 16. They asked for mere conclusions.

We do not understand why at one time defendant was denied the right to have an answer to its question to the conductor concluding: "Just tell what each of them said," referring to the plaintiff and his party. This was error, and must result in a reversal of this case. The matter asked for was of the res gestæ, and material for purposes already indicated. Defendant may have had the benefit of a similar question at another time, but, if so, the fact is not made to appear.

Appellant assigns for error several parts of the court's oral charge to the jury. We need not approve

them as an altogether adequate statement of the law of the case. The complaint of them is that they were so phrased as to convey to the jury the idea that the carrier became an insurer of plaintiff's safety while a passenger. But we think that when the charge in its entirety and the issues of fact presented by the evidence are referred to, it appears that there was nothing in the charge which requires reversal. Those parts of the charge to which exceptions were taken laid down the duty of the carrier to safely carry its passenger without statement of the extent or degree of the care and diligence to be employed in the discharge of that duty. At another point the charge informed the jury that a carrier does not insure the safety of its passenger. But the issues of fact presented by the pleading and the evidence were such that no statement of the law in respect to the degree of care to be exercised in carrying the passenger, or in protecting him from attack, was necessary to a correct disposition of the case. The complaint went upon an assault and battery suffered by plaintiff while a passenger and at the hands of defendant's conductor then and there charged with plaintiff's safety. There was evidence to support the complaint, and in the event the jury found with it, they must have found a breach of an absolute duty in respect to the performance of which there were no degrees of diligence. On the other hand, the defense rested upon the theory that the relations of carrier and passenger had ceased to exist at the time of the assault, so that the defendant owed plaintiff no duty in guarding him against the conductor's assault. For the solution of the issues thus presented it was not necessary to state the law in respect to the duty a carrier owes its passenger in the operation of its conveyance, or in respect to taking precaution against assault from oth-

[Alabama City, G. & A. Ry. Co. v. Sampley.]

ers than those to whose care the passenger is directly committed.

By written charge 2 the defendant sought to impose upon the plaintiff the burden of satisfying the jury. Such charges have been repeatedly condemned by this court as exacting too high a degree of proof. Plaintiff was required to satisfy the jury reasonably only.— *Torrey v. Burney*, 113 Ala. 496, 21 South. 348; *Lawrence v. Alabama State Land Co.*, 144 Ala. 530, 41 South. 612.

Charge 3 was designed, it seems, to predicate defendant's acquittal on proof of the defense set up by the plea that the defendant's conductor acted in the necessary defense of his own person. Our opinion is that the predicate of the charge follows the predicate of the plea in every substantial particular, and that the charge should have been given.

We have examined every assignment of error insisted upon in this case. For the errors indicated, we are of opinion that the judgment below must be reversed.

Reversed and remanded.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.