# Alabama City G. & A. Ry. Co. v. Sampley.

## Assault and Battery.

(Decided April 11, 1912. 58 South. 974.)

1. *Carriers; Passengers; Assault on Passenger; Instructions.*— Under a complaint alleging that while plaintiff was a passenger on the defendant's car, he was assaulted by the conductor of the train, plaintiff could recover if the jury found that he was actually assaulted while on the train, although they found that he was not knocked off by the conductor, as some of the evidence tended to show, and hence, a charge asserting that the jury should find for the defendant unless the plaintiff had sustained the burden of showing that he was knocked off the train by the conductor, was properly denied.

2. *Same.*—Where the evidence was in conflict as to whether the plaintiff was assaulted by the defendant's conductor while on the car, who knocked plaintiff off and then followed and continued to beat him, or whether the assault did not commence until after plaintiff ceased to be a passenger, a charge asserting that if the conductor assaulted plaintiff while on the car, or while on the steps of the car, and thereafter followed and assaulted plaintiff, the defendant was liable, unless such assault was in self defense, was properly given.

3. *Charge of Court; Covered by Those Given.*—It is not error to refuse written requests for instructions covered by written instructions already given.

4. *Witnesses; Examination; Cross.*—It is not error to admit on re-direct examination an answer of a witness which is a mere repetition of his testimony given on the cross.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by James J. Sampley against the Alabama City, Gadsden & Attalla Railway Company for assault and battery. Judgment for plaintiff, and defendant appeals. Affirmed.

The assault alleged was committed by the conductor in charge of the car on which plaintiff had taken passage, and the disputed facts were whether the assault took place while plaintiff was on the car, or after he had

left and gone some distance away. The pleading sufficiently appears on a former report of this case in 169 Ala. 373, 53 South. 142.

The following charges were refused to the defendant: (56) "It can make no difference whether Lovejoy was acting wrongfully or rightfully in engaging in a fight with plaintiff, if plaintiff was not struck before he alighted from the car." (55) "The burden of proof is on the plaintiff to satisfy the minds of the jury reasonably that Lovejoy knocked plaintiff off the car, and, if they are not so satisfied, they should find a verdict for the defendant." (57) "The court charges the jury that, unless they are reasonably satisfied from the evidence that Lovejoy struck Sampley and knocked him off the car, then there can be no recovery in this case by the plaintiff." (58) "The court charges the jury that the burden is on plaintiff to satisfy them reasonably that the assault complained of was committed on the plaintiff by the conductor before the plaintiff left the car, and, if the evidence leaves the jury in doubt as to whether the fight began before or after plaintiff left the car, their verdict must be for the defendant."

The following charge was given for plaintiff: (60) "The court charges the jury that if they find from the evidence to their reasonable satisfaction that the conductor assaulted and struck plaintiff while plaintiff was still on the car, or on the steps of the car, and that thereafter the conductor followed plaintiff and assaulted and beat him, the defendant is liable in this action, if they further find that the conductor, in first assaulting plaintiff, was not doing so in response to an assault committed on him by plaintiff."

HOOD & MURPHREE, for appellant. A witness may not state his motive, belief, intention or state of mind.—

*Mobile F. C. Co. v. Little,* 108 Ala. 406; *Dent v. The State,* 94 Ala. 111; *Ball v. The State,* 105 Ala. 17; *State v. Talley,* 102 Ala. 35; *Tolliver v. The State,* 94 Ala. 11; *Ball v. Farley,* 81 Ala. 295, and authorities cited. Charge 55 should have been given.—*Dothan G. Co. v. Watrs,* 132 Ala. 380. Counsel discuss other assignments of error, but without further citation of authority.

Amos E. GOODHUE, for appellee. Counsel discusses assignments of error, but without citation of authority.

DE GRAFFENRIED, J.—The plaintiff brought this suit against the defendant for recovery of damages which he alleges in the fourth count of his complaint, upon which count the case was tried, he suffered by reason of an assault and battery which was committed upon him by the defendant's conductor while the plaintiff was traveling as a passenger upon one of the defendant's cars between Alabama City and Gadsden, Ala. This is the second appeal in this case, and it seems to us that the opinion rendered by the Supreme Court on the first appeal (*Alabama City, Gadsden & Attalla Ry. Co. v. Sampley,* 169 Ala. 373, 53 South. 142) has settled the legal questions presented by the pleadings and the evidence.

1. In the case of *Birmingham Electric Co. v. Baird,* 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43, the Supreme Court, referring to the right of a conductor in charge of a common carrier to assault a passenger on such train, uses the following language: "He cannot assault a passenger in retaliation for an assault committed upon himself or upon another passenger and, a fortiori, he cannot assault a passenger for abusive words or in revenge or punishment under any circumstances, and, if he does assault a passenger otherwise than under a necessity to defend himself or a

passenger from battery or in rightfully ejecting a passenger who, by his conductor towards other passengers, has forfeited his right of carriage the carrier is liable. The fault of the passenger short of producing a necessity to strike in self-defense will neither justify the conductor in striking nor relieve the carrier from liability for his act. Possibly such fault could be considered in mitigation of damages." In the present case all of the evidence of the plaintiff tended to show that the plaintiff was assaulted while a passenger on the defendant's train by the defendant's conductor, who had charge of such train, not on account of any act of the plaintiff which produced a necessity on the part of the conductor to strike in self-defense. There was evidence in the case tending to show that, if the conductor assaulted the plaintiff while he was still a passenger on the defendant's train, he did so on account of certain abusive words used by the plaintiff, but not more.

On the other hand, the defendant's evidence tended to show that the conductor assaulted the plaintiff after the plaintiff had left the car, and had ceased to be a passenger of the defendant, or within the protection of the defendant as such passenger. As was said by the Supreme Court in its opinion above cited in this case: "The question vital to this case and about which the evidence was in sharp conflict was whether defendant's conductor attacked plaintiff before he had alighted from the car, the rest following uninterruptedly, as plaintiff contended, or whether on the contrary defendant's conductor, having been dragged from the car step by plaintiff and possibly one of his companions, after the latter had alighted from the car, or in any case whether the conductor did not defer this atack until plaintiff had gone some fifteen feet away from the car. Each of these versions found support in the evidence. On defend-

ant's version of the facts least variant from that put forward by plaintiff, namely, that, although the conductor was not justified on the ground of necessary self-defense he deferred his attack until plaintiff had safely gone his way some fifteen feet from the car, the conductor's wrongful act was without the range of his employment, and the defendant was not liable.—*Gilliam v S. & N. A. R. Co.*, 70 Ala. 270." While the evidence of the plaintiff tended to show that the defendant's conductor not only unlawfully attacked plaintiff while on the defendant's car as a passenger, but actually knocked him from the car and then jumped from the car and continued the assault, it is evident that the plaintiff was entitled to recover under the fourth count of the complaint as amended, although the jury might have come to the conclusion that while the plaintiff was actually assaulted while on the car he was not actually knocked from the car by the conductor. It is therefore evident that the trial court committed no error in refusing to give charges Nos. 55 and 57 to the jury.

2. Charge No. 56 was covered by charges Nos. 1, 5, 9, 10, 11, 17, 19, 21, 22, and 23, and numerous other charges which we will not take the time to enumerate. It is therefore evident that the court was without error in refusing to give charge No. 56, which was requested by the defendant.

3. Charge No. 58, which was requested by the defendant and refused by the court, was covered by charge No. 31.

4. Under all the evidence in this case, if the defendant's conductor assaulted the plaintiff while he was on the defendant's car or the steps of the car and afterwards jumped from the car and continued to beat the plaintiff, then the plaintiff was entitled to recover. On the other hand, if, as

the defendant contended, the assault did not take place on the car, but after the plaintiff had left the car, then the defendant was entitled to a verdict.—*Alabama City, Gadsden & Attalla Ry. Co. v. Sampley, supra; Birmingham Ry. & Electric Co. v. Baird, supra.* It is therefore evident that the court committed no error under the facts in this case in giving to the jury charge No. 60, which was requested by the plaintiff.

5. During the progress of the trial a witness, R. P. Frost, was examined on behalf of the plaintiff. In cross-examining this witness, the defendant, without objection from the plaintiff, drew out of him the fact that "he never knew they had passed Alabama City until they reached Black Creek," which was about the time the conductor called for the fare from Alabama City to Gadsden. It appears from the evidence that Black Creek is a point between Alabama City and Gadsden. It is therefore evident that the trial court committed no error of which the defendant had a right to complain in permitting the plaintiff on the redirect examination of this witness to ask him if he knew when he passed Alabama City, and in permitting the witness to answer that question in the negative. The defendant had already proven this same fact by this witness while it had him on cross-examination, and, if there was error, it was error of which the defendant certainly had no right to complain.

We do not think it is necessary for us to discuss the question as to whether the fourth count of the complaint as amended was subject to the defendant's demurrer. The most casual examination of this count shows that it is not wanting in the averments which are set up as objections to it in the demurrer.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.