166 So. 701
BIRMINGHAM ELECTRIC CO. v. DRIVER.

6 Div. 905.

Supreme Court of Alabama.

March 19, 1936.

Huey, Welch & Stone, of Bessemer, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

40

ANDERSON, Chief Justice.

We do not think that counts 1 and 2, respectively, state two separate and distinct causes of action. While they each aver an assault and battery upon the plaintiff, while on the car, and an ejection therefrom, "and after said removal was further assaulted and beaten by the aforesaid parties," we think they charge one continuous transaction, and that the beating of the plaintiff, after removal from the car, was the natural sequence of the assault while on the car, and the removal of the plaintiff therefrom and was a part of one continuous transaction. Alabama City, G. & A. R. Co. v. Sampley, 169 Ala. 372, 53 So. 142; 10 C.J. p. 892, and cases cited in note 74, p. 893. Therefore the trial court did not err in overruling the demurrer, proceeding upon the theory that the counts contained more than one cause of action.

Nor do we think that the counts required too high a degree of duty upon the part of the defendant, as each of these counts conform to the rule laid down in Hutchinson on Carriers, vol. 2, § 980, repeatedly quoted and followed by the decisions of this court. Culberson v. Empire Coal Company, 156 Ala. 416, 47 So. 237; Nashville, C. & St. L. Ry. v. Crosby, 183 Ala. 237, 62 So. 889.

The charges set out in the third, fourth, fifth, and twelfth assignments of error are the general charges, and the trial court did not err in refusing same as to either count of the complaint. The plaintiff's evidence made out a case for the jury to the effect that he was insulted and assaulted while on the car and was removed therefrom in such a manner as to charge the trainmen with notice that the assailants would do the plaintiff violence when they got him off the car. True, there were only two servants of the defendant on the car, who claimed to be unarmed, but, according to the plaintiff's evidence, they did not protest or make the slightest effort to protect him when he called upon them for help, and the jury was authorized to find that a protest or some effort on their part to protect the plaintiff may not have been in vain. The plaintiff also testified that the assailants told him they were going to take him off and beat him, and it was open for the jury to find that the defendant's servants heard these remarks.

There was no error in refusing charge 6, requested by the defendant. It seeks to excuse the defendant, unless its servants knew of the intention of the parties getting on the car to assault the plaintiff or were in possession of facts sufficient to put them on notice that those

boarding the car intended to assault the plaintiff. The defendant's servants may not have known of the intention of the assailants when boarding the car, yet it was their duty to protect the passenger at any time after they had notice that he would be attacked. Charge 8 is likewise faulty. Moreover, the assailants may have boarded the car for the bona fide purpose of becoming passengers, yet, if they afterwards mistreated the passenger in the presence of defendant's servants, it became their duty to protect him.

 Defendant's refused charge 7 was manifestly bad, as were charges 9 and 10. The plaintiff may have received his injuries as a proximate result of a fuss between union and nonunion men, yet this did not relieve the defendant's servants of efforts to protect him.

 We do not think that error was committed as to the questions asked the jurors before striking same. Section 8662 of the Code of 1923. Rose v. Magro, 220 Ala. 120, 124 So. 296; Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869. It is a little surprising, however, that the request to interrogate them as to membership in the American Federation of Labor should have come from plaintiff instead of the defendant, and that such information sought should be objectionable or harmful to the defendant.

 We do not think that the trial court erred in permitting plaintiff to tell where he worked in May prior to 'the wrong complained of and that his arm had been burned and was not well when he took passage on defendant's car and was assaulted. The fact that he was working when the strike was on tended to show a motive for the assault, and the condition of his arm may have called for more prompt and active protection from the defendant's servants, and may have also affected the result of the assault and battery made upon him.

 The fact that the conductor talked a few minutes to a white man at Brown's Station was but the narration of the conditions after the plaintiff took passage on the car and of occurrences during the trip, and just prior to the assault and removal of the plaintiff from the car, and was a part of the res gestæ. Moreover, it is not noted what was said between them, and, even if the fact that he had the conversation was irrelevant, there is nothing to indicate that the defendant was probably injured thereby. Supreme Court rule 45.

The fact that a strike was on when the plaintiff was working for one of the industrial companies at the time tended to show a motive for the treatment of the plaintiff.

 The fact that a negro man boarded the car and talked to the motorman, just preceding the embarkation of the assailants, and did not pay his fare, was but a part of the res gestæ, but, if irrelevant, there was no probable injury to the defendant. Rule 45.

 The trial court did not err in permitting the plaintiff to testify that the men when they got on the car and began to crowd around him said that they were beating him for working. This was part of the res gestæ and was before they took him off, and was in the presence and hearing of the defendant's servants.

 The evidence of the witness, Alexander, and others, who examined the place of the assault after the plaintiff was taken off the car, whether legal or not, was but a needless consumption of the time of the court, as it was merely cumulative or corroborative of undisputed facts, and could not have been of any injury to the defendant. The plaintiff had testified that he was beaten by the crowd with sticks after being removed from the car, and his evidence was not only not disputed but was corroborated by the evidence of the doctor who examined him the next day.

 The exceptions to the oral charge of the trial court as set out in assignments of error 77, 78, and 79 are without merit, as there is nothing wrong with same when taken in connection with the whole charge. Had the defendant wanted negligence more explicitly defined, it should have asked a charge doing so.

 There was no error in refusing the defendant's motion for a new trial. The jury evidently accepted the plaintiff's evidence, and which made out a plain case of the neglect on the part of the servants of the defendant to discharge the duty required of them to protect their passenger. The plaintiff's evidence showed an assault and wrongful ejection in the presence of said servants and not the slightest effort on their part, by word or act, to protect him, though appealed to for protection. The jury could also find that they heard the

assailants tell plaintiff that they were taking him off the car to "beat him."

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.