PEARL ROSE v. JAMES SHEEDY, Appellant.—134 S. W. (2d) 18.

Division Two, December 14, 1939.

*Sam M. Wear* for appellant.

*Collins & Pierce* for respondent.

WESTHUES, C.—This is an action to recover damages in the sum of $10,000 for an alleged assault. A trial resulted in a verdict for appellant, defendant below. The trial court granted plaintiff a new trial and defendant appealed.

The sole question on this appeal is whether the trial court was justified in sustaining plaintiff's motion for a new trial on the ground that the court refused to permit plaintiff's counsel to question the jurors on *voir dire* examination as to their religious affiliations. It is stipulated that only that part of the proceedings had at the trial pertaining to the interrogation of the jury on *voir dire,* which presented the point in dispute, need be presented to this court. The record shows the following to have occurred:

"Q. Are you a member of any church? A. Yes, sir.

"Q. Catholic or Protestant? A. Protestant.

"Mr. WEAR, attorney for the defendant, called attorney for plaintiff and the court in chambers and the following proceedings were had:

"By Mr. WEAR: I object to that question and ask that the jury be discharged for the reason that it is attempting to inject religion in this law suit for the purpose of prejudicing the jury against defendant, who is a Catholic and ask that the jury be discharged.

"By the COURT: The objection is overruled. But don't proceed with questions along that line; that is showing whether a juror is a Catholic or Protestant.

"By Mr. WEAR: Is Mr. Collins going to be permitted to ask if they are members of a church or what church?

"By the COURT: The objection is sustained as to what churches (addressing Mr. Collins), but you will be permitted to ask if they are church members."

It will be noted that no exception was taken to the ruling of the court. Neither did the attorney for plaintiff attempt to state any reason as to why the query intended to be made was material or pertinent. The ruling of the court was therefore entirely proper. In 35 Corpus Juris, 392, section 438, it is said: ". . . a juror may be fully examined and asked any questions which are pertinent to show the existence of bias or prejudice, and may be examined as to any bias with regard to the nature of the case or the subject matter of the litigation as well as with regard to the parties personally."

There are some questions that are always pertinent. For example, relationship of jurors to the parties to the suit, and interest in the result of the trial. Other questions, such as political or religious affiliation of the jurors, or whether they belong to a union, etc., only become pertinent under peculiar circumstances. Before such questions should be permitted to be asked the trial court should, unless the nature of the case itself discloses the facts rendering the

question pertinent, be made acquainted with the facts and the attorney should state his reasons for desiring to ask such questions, otherwise the inquiry should not be permitted. The Supreme Court of the United States ruled in Connors v. United States, 158 U. S. 408, 39 L. Ed. 1033, a case involving an election offense, that questions as to political affiliations of the jurors were properly excluded in absence of any special reason of any such inquiry. In People v. Hinshaw, 40 Cal. App. 672, 182 Pac. 59, the California court ruled that an attorney, desiring to ask questions on *voir dire* examination as to whether the jurors would take instructions from the court or from other jurors, should have stated to the trial court his reasons for asking the questions and having failed to do so he could not make the ruling the basis of error. In State v. McGee, 336 Mo. 1082, 83 S. W. (2d) 98, l. c. 106 (15-17), this court said:

"Affiliations with political parties constitute neither a qualification nor a disqualification for jury service. [State v. Campbell, 210 Mo. 202, 231 (3), 109 S. W. 706, 714 (3), 14 Ann. Cas. 403.]"

The same ruling applies to religious affiliations. [Barton v. Erickson (Neb.), 15 N. W. 206; Kern County Finance Co. v. Iriart (Cal.), 79 Pac. (2d) 763.] For cases where such inquiries were held proper in view of particular circumstances see, People v. Buyle (Cal. App.), 70 Pac. 955; State of Connecticut v. Kokoszka, 193 Atl. 210, 123 Conn. 161; Birmingham Electric Co. v. Driver (Ala.), 166 So. 701, l. c. 705 (6); State of South Carolina v. Royster, 186 S. E. 921, 181 S. C. 269, 105 A. L. R. 1522, annotations on the points in question at page 1527. See also the annotations in 73 A. L. R. 1215 for interesting cases on this subject.]

■ Trial courts have a wide discretion in supervising the selection of jurors, and the exercise of this discretion will not be interfered with unless clearly abused. [35 C. J. 389, sec. 437.] Had the attorney for plaintiff stated his reasons for asking the questions the trial court may have properly permitted him to make the inquiry, depending of course upon the reason given. Again, had the reason for asking the questions been stated the attorney for the defendant may have withdrawn his objection. In view of what transpired the trial court's ruling was proper and that ruling could not be made the basis for granting a new trial. The order of the trial court sustaining plaintiff's motion must therefore be set aside with directions to the trial court to reinstate the verdict and enter judgment for the defendant. It is so ordered. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.