JONES, Justice.
Appellant sued appellee in the Circuit Court of Winston County for damages because of alleged negligence of the appellee resulting in the death of Mrs. Carrie L. Wells. The suit arose from an automobile collision. The jury returned a verdict for the appellee. We affirm.
The only assignments of error which are argued relate: (1) to one of the instructions given for the appellee; and (2) to the failure of the lower court to grant a new trial for the reasons hereinafter stated.
Insofar as the instructions are concerned, we are of the opinion that the jury was fully instructed and that the issue was properly presented to them by the instructions taken as a whole.
The second question argued is set up in the motion for a new trial, being the sixth ground thereof, which reads as follows :
Defendant well knew as well as her counsel that said witness Sam E. Smith would be called to testify for defendant. This was a complete surprise as to the plaintiffs. One of the jurors selected was an employee of witness Sam E. Smith and in all probability had knowledge of the drawing and in all probability had worked on same. No alternate juror was selected by the Court. Since this fact has come to the attention of counsel for the plaintiffs demand is now made for oral evidence to be heard immediately upon this question of fact and plaintiff be permitted to prove the facts concerning this allegation. It is submitted that this circumstance was highly improper, whether intentional or not, and led to the jury returning a verdict for defendant.
When this motion was being presented, the attorney for appellants made the following oral statement:
Plaintiffs now offer to introduce evidence and proof that defendant well knew, along with her counsel, that a witness, Sam E. Smith, would be called to testify for the defendant, and this was a complete surprise to the plaintiffs. One of the jurors selected was an employee of the witness Sam E. Smith, and we offer to prove that he had knowledge of the testimony of Sam E. Smith and helped in procuring the drawing that was introduced in evidence and had a big part in the course and conduct of this trial. No alternate juror was selected, and that this unduly influenced the jury to the extent that a verdict for the defendant *708 was returned, this juror’s name being James Stanley and being a regular employee of the said Sam E. Smith.
The court’s decision on this issue was:
The Court has carefully examined the motion for a new trial in its entirety and has carefully considered each ground stated therein, including the ground designated as number six in the motion, which has reference to the matter just mentioned orally. In the first place, the said Sam E. Smith was not a witness to the accident. This witness or engineer was simply employed to draw a plat or a diagram of the physical setting, that is the highway and its immediate surrounding area. He did not purport to know or testify in any respect about the accident or about who was at fault. In the second place, all jurors were carefully questioned on their voir dire as to whether any one had discussed the case with them or as to whether they had for any reason formed any opinion as to how the case should be decided, and every juror answered that he had not heard the case discussed and had not formed any opinion or conclusion about the case.
The Court would like to further add that the weight of the evidence in this case, in the opinion of the Court, was so overwhelming for the defendant that this Court does not believe a verdict for the plaintiff would have been affirmed in the Supreme Court if plaintiff had won a verdict and the case had been appealed. Consequently, the Court does not see how the jury could have possibly reached any other verdict, and the motion for a new trial is overruled. In making this ruling the Court assumes that the plaintiff could and would prove what he sets out in his motion, and this ruling is made with that assumption.
The Court reached the right conclusion in solving said problem.
We have been cited no cases from this State or anywhere else bearing upon this question. The Mississippi cases presented by the parties were cases wherein the juror was employed by some company or man who was plaintiff or defendant to the litigation.
This case is not such a one. Here, the juror involved was employed by an engineer who was a witness in the case and had. no interest therein. All that the engineer did was to make a plat or map of the road for a certain distance. The plat showed no signs of where or how the accident occurred, and had no more to do with the case than a similar map prepared by the highway department would have had, except it showed the improvements, such as houses, etc. situated on adjacent lands. The witness stated nothing which would indicate in any way how or why the accident happened, nor did he even insinuate that he had an opinion, or if he did, what that opinion was. He simply identified the plat as made by him and as being correct.
Under these facts, this juror was in the same position as some resident of that part of the county, who passed over the road every day and was thoroughly familiar with the curves and inclines, intersecting roads, adjacent buildings, etc., but who had not seen the accident and knew nothing about how or why it happened.
The judge also stated that he interrogated the jurors while being empanelled and all said they had no opinion. The correctness of the map was not disputed.
Knowledge by a juror of incidental or collateral facts, or facts about which there is no controversy, will not render him incompetent to sit in the trial of a case. 47 Am.Jur.2d Jury § 276, page 851 (1969).
The Tennessee Court of Appeals (cer-tiorari denied by the Tennessee Supreme Court) had this issue before it in Kunk v. Howell, 40 Tenn.App. 183, 289 S.W.2d 874, 73 A.L.R.2d 1304 (1956).
*709 There was involved in that case an action because of death resulting from an auto-tomobile collision, and the following occurred :
After the examination of two witnesses, a juror, already accepted and sitting, disclosed to the court that the testimony of these witnesses recalled to his mind that he passed the scene before the cars had been moved. On being interrogated, he stated unequivocally that he gained no impression as to who was at fault, and that he would accept the proof on any question of fact in preference to his own opinion. Under the common law as it first developed, jurors were selected because of their personal knowledge of the facts; but under the modern doctrine, anyone who has personal knowledge of such material facts as will tend to create or influence an opinion is regarded as incompetent to sit as a juror.
The Tennessee Court said that whether a juror’s knowledge is of such a nature as will be likely to bias him, is a matter addressed to the sound discretion of the trial court. However, a knowledge of undisputed facts or of facts merely collateral or incidental will not render incompetent a juror who disclaims any interest in the merits of the case. The Supreme Court of Tennessee found no abuse of discretion in the overruling by the lower court of a motion for a mistrial.
In the annotations in 73 A.L.R.2d, page 1312, following the said Tennessee case, it is stated that a number of cases have held and recognized that a juror would not be disqualified under the circumstances considered because of previous knowledge of facts of the case. In most instances the decision rests upon a finding in effect, that the juror would make his decision upon the facts as proved by the evidence, without being influenced by any previous knowledge of the facts.
In Kansas there was the case of Delaney v. City of Salina, 34 Kan. 532, 9 P. 271 (1886), being a contest of a will, alleging that the testator’s mind was weak and unsound and that he was induced by fraud and undue influence to execute the will. It was held that one who was acquainted with him prior to his last illness and prior to the time it was claimed that his mind became weak and unsound, but who did not see him during his last sickness, might be a competent juror in a case, although he may have had an opinion concerning the condition of the testator’s mind at the time he last saw him.
The Missouri court held in the case of Walker v. Hassler, St. Louis Court of Appeals, (Mo.App.) 240 S.W. 257 (1922) as stated in the fifth syllabus:
In an action for trespass consisting of the removal of a building from a city lot owned by plaintiff, a juror who stated that he knew nothing about the facts of the case, but had knowledge of the property involved in the controversy, and, while he knew something of the value of property in the city he did not have particular knowledge of the value of the property involved, was not disqualified.
The Nebraska court in Burlington & M. R. R. Co. v. Beebe, 14 Neb. 463, 16 N.W. 747 (1883), (involving the burning of timber) held:
It will thus be seen that the examination of the juror was thorough and exhaustive; the object on the part of defendant’s counsel evidently being to make the fact of the juror having passed along the road and seen where a fire had been running among the young and growing timber, disqualifying him to sit upon the jury in the case. When it is borne in mind that the average juryman is not expected to pass a successful examination in logic or casuistry on short notice, it must be apparent that the exhaustive examination of this one signally failed to show him possessed of partiality as between the parties, preconceived opinion as to the merits of the case, or of tern- *710 per, such as would disable him to find a fair and impartial verdict upon the testimony in the case. (14 Neb. at 467, 16 N.W. at 748) (emphasis added).
In a Missouri case, decided by the Kansas City Court of Appeals, it appeared and was held in Genova v. Kansas City, 254 S.W.2d 38, 41 (1953):
Defendant asserts that the court erred in refusing to disqualify two certain members of the venire for cause. Defendant struck them from the panel and claims it was wrongfully deprived of its rights. It claims their acquaintance with the scene of accident disqualified them. Marshall E. Fletcher, venireman, testified he had passed over the place of the accident for about three years, beginning about October following the time of the accident, but said he was not acquainted with the place prior to October, 1948. He testified that such circumstances would in no way affect his verdict in this case. Charles M. Miller, venireman, stated that he passed over the sidewalk in question nearly every day for the past six years. He said he would have no difficulty in rendering a verdict under the evidence and under the directions of the court. Other general questions were asked of these veniremen as to any cause whatever that would interfere with their impartial verdict, to which no affirmative answers were given. “Trial courts have a wide discretion in supervising the selection of jurors, and the exercise of this discretion will not be interfered with unless clearly abused.” Rose v. Sheedy, 345 Mo. 610, 612, 134 S.W.2d 18, 19. “The competency of (a juror is) a question of fact and the finding of the circuit court will not be disturbed unless clearly against the evidence.” Ruschenberg v. Southern Electric Railroad Co., 161 Mo. 70, 87, 61 S.W. 626, 630. See, also, Hieber v. Thompson, Mo.App., 252 S.W.2d 116. In the instant case we are not able to say, as a matter of law, that the court abused its discretion in overruling the defendant’s request to disqualify the two veniremen for cause.
In Bridgman v. Baxter County, 202 Ark. 15, 148 S.W.2d 673 (1941), the Supreme Court of Arkansas held as shown by the second syllabus to-wit:
In suits for damages for taking of realty for relocation of highway, it was within trial judge’s discretion to exclude members of the regular panel of veniremen who stated that they had personal knowledge of the location of old highway and the relocation of a new highway, for which realty was condemned, (emphasis added).
In Merritt v. Ash Grove Lime & Portland Cement Co., 136 Neb. 52, 69, 285 N.W. 97, 105-106 (1939), that court stated:
At an early time in England jurors were selected for the personal knowledge which they had of the facts involved in the case, and their verdict was based largely upon this knowledge, but in modern times the verdict of the jury must be based solely upon the evidence introduced in the case, and the personal knowledge of jurors must not be allowed to enter into their deliberation. A juror’s personal knowledge does not always preclude him from acting as a juror, but while deliberating as a juror he must not make known any fact which was not testified to in court. In Nebraska the fact that jurors have acted on their own personal knowledge constitutes prejudicial error (Falls City v. Sperry, 68 Neb. 420, 94 N.W. 529, 4 Ann.Cas. 272), but it has been said that such error will not vitiate the verdict in the absence of a showing that prejudice has followed from it (Chicago, B. & Q. R. Co. v. Oyster [58 Neb. 1, 78 N.W. 359], supra), or if the verdict appears to be a just one in view of all the circumstances. 17 Standard Ency. of Procedure, 539.
The Texas court in Morrow v. Flores, 225 S.W.2d 621 (Court of Civil Appeals, *711 Tex. 1949) held, as shown by the eighth syllabus:
Objection to venireman of Mexican descent who lived in neighborhood where many of the witnesses in assault and battery case lived and worked and who answered on his voir dire examination that he was acquainted with plaintiff and a number of his witnesses and that he heard something of shooting which was subject matter of the case was properly overruled where he stated that his acquaintance with parties and general knowledge of shooting would not influence his verdict and it was not shown that challenged venireman had talked with anyone who had purported to know material facts of the case. (225 S.W.2d at 622).
The United States Court of Appeals, Tenth Circuit in United States v. Chapman, 158 F.2d 417 (1946) although finding the juror disqualified, did hold as shown by the 4, 5, 6, and 7 syllabi reading as follows:
4. In condemnation proceeding by government in Oklahoma, discharge of prospective juror employed by the government as an inspector at government camp, on landowners’ challenge for cause, if error, was not prejudicial in absence of showing that jury which tried the case, was not impartial. 40 U.S.C.A. § 258; 28 U.S.C.A. § 411; Federal Rules of Civil Procedure, rule 81(a) (7), 28 U.S.C.A. following section 723c; 12 O.S. Okl.1941 § 572.
5. Whether a juror is prejudiced or partial in sense that one of the parties is denied a fair and impartial trial, is not a procedural matter to be determined by statutory construction, but is one of vital substantive law under the Constitution, to be resolved according to the highest standards of human conduct, and is first addressed to trial judge, subject to review under supervisory power inherent in appellate jurisdiction.
6. District court’s judgment that prospective juror was a fair and impartial juror in condemnation suit by the government, though he had testified for a landowner in a previous condemnation suit by the government would not be overturned on appeal, unless abuse of discretion was clearly apparent.
7. A prospective juror’s answer to questions touching his state of mind is primary evidence of his competency, but the ultimate question is a judicial one for the court to decide.
Of course the effort should ever be to secure a fair and competent jury, and nothing should be permitted to exist that might throw the least doubt upon that fact. The courts can only obtain or retain the respect of the people by having trials that are fair, honest, and untainted. Here, as stated by the judge of the trial court, there could not possibly have been any harm to the plaintiff.
Doubtless had this matter been presented during the empanelling of the jury, the judge of the lower court, exercising an abundance of precaution would have excused the juror, but when it arises after the case has been heard and the question of a mistrial is considered, other elements enter into the situation, and we are convinced that the court in the instant case did not abuse its discretion. We are considering also that no prejudice to the appellant was shown or found to exist.
For the reasons above stated, we are affirming the case.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ„ concur.