OPINION OF THE COURT
S. Herman Klarsfeld, J.
The question to be addressed is, to this court’s knowledge, a novel one that has not been ruled upon by any court of record in New York State or in the Federal system. It involves a challenge for cause by the defendant arising during the selection of a jury, which according to many members of the Bar, is the most important part of any criminal trial. (See Jury Selection in a Criminal Case, Fahringer, NYLJ, Dec. 27, 1979, p 1, col 2.)
The defendant is charged with committing the crime of assault in the third degree (Penal Law, § 120.00). During the voir dire examination of a jury panel the Assistant District Attorney informed the panel that the complaining witness is a homosexual and asked if any of the jurors would be prejudiced for or against the People or the defendant, as a result of the complaining witness’ homosexuality. Several prospective jurors asked to approach the Bench and in the presence of both counsel were excused for *211 cause because they clearly indicated they could not sit as unbiased and impartial jurors in a case involving a homosexual.
The defense attorney wished to inquire further into a specific panelist’s possible bias. The prospective juror disclosed in open court that he socialized and worked with homosexuals and out of the presence of other prospective jurors, he stated that he had homosexual experiences. Upon learning that this prospective juror had practiced homosexuality, the defendant moved to excuse him for cause, pursuant to CPL 270.20 on the ground that since evidence might be introduced to show a wholesale attack on homosexuals on a random basis by the defendant and others during the night in question,* this prospective juror, because of his personal identification with other homosexuals might have an implied bias which should disqualify him. The defense counsel further argued that in weighing the right of a panelist to sit on a jury and the right of the defendant to a fair trial, the court should grant a challenge for cause if there is any doubt as to a panelist’s impartiality. It should be noted that the prospective juror, under intensive questioning by both attorneys and the court stated that he had both heterosexual and homosexual friends and there was no doubt in his mind that he could sit as a fair and impartial juror in this case. Defense counsel could not unmask any bias or partiality on the part of this prospective juror.
The issue to be addressed by this court is whether a prospective juror, who is a homosexual, should be disqualified from hearing a case in which the complaining witness is a homosexual and in which evidence may be heard at trial concerning a random attack on homosexuals.
*212 The section of the CPL under which the defendant moves reads in relevant part as follows:
“§ 270.20 Trial jury; challenge for cause of an individual juror.
“1. A challenge for cause is an objection to a prospective juror and may be made only on the ground that:
* * *
“(c) He is related within the sixth degree by consanguinity or affinity to the defendant, or to the person allegedly injured by the crime charged, or to a prospective witness at the trial, or to counsel for the people or for the defendant; or that he is or was a party adverse to any such person in a civil action; or that he has complained against or been accused by any such person in a criminal action; or that he bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict” (emphasis added).
Prior to the enactment of CPL 270.20 (subd 1, par [c]), the rules governing challenges for cause were prescribed by section 376 of the Code of Criminal Procedure which provided for the automatic disqualification of prospective jurors for “implied bias”. The new statute, which is controlling here, is similar in many respects to the old one. Although the term “implied bias” has been abandoned, the concept underlying the term has survived in the provision above-stated. (People v Branch, 46 NY2d 645.). It must be determined then, whether the prospective juror’s relationship to the complaining witness, by reason of his homosexuality, places him within the above provision.
The defendant relies primarily on two New York cases in which the appellate courts rule that the prospective jurors should have been excused by the Trial Judge. However, both cases are readily distinguishable from the facts of this case. In People v Branch (supra), the prospective juror, a part-time police officer, had worked directly with the prosecutor during a three-year period and had socialized with him on occasion. The Court of Appeals held that those facts established, as a matter of law, that the nature of the relationship was (supra, p 651) “likely to preclude [Scott] from rendering an impartial verdict”. Those sets *213 of facts are very different from the instant case where the prospective juror has had no professional or social contact whatsoever with any attorney or witness.
In People v Oddy (16 AD2d 585) the defendants were charged with the murder of a jail guard during an attempted escape. The prospective juror had been a prison guard and Deputy Sheriff for 39 years and indicated numerous times during voir dire that his background might affect his judgment. Although he ultimately declared that he would judge the defendants on the evidence, the Appellate Division, Fourth Department, found that (p 587) “the influence he felt and so persistently expressed from his 39 years of experience as a guard should have made it apparent that it would be difficult, if not impossible, as indicated by his answers, for him to fight detachment from his past.” The court based its decision that the prospective juror should have been excused, not on the nature of the relationship between the prospective juror and persons associated with the case, but rather on his repeated statements of partiality and bias. In the case at issue, the prospective juror never made any such statements and in fact throughout the voir dire professed, without reservation, his ability to judge impartially, fairly and without prejudice.
It is the finding of this court that the facts of this case do not establish, as a matter of law, a relationship which warrants exclusion of a prospective juror under CPL 270.20.
In addition to New York case law which does not support defendant’s contention, there is a Federal case which may be analogized to the case at hand. In Coleman v United States (379 A2d 951 [DC App]) the appellants moved at trial to exclude all Catholics from the jury since “no Roman Catholic is or can. be neutral as to the credibility of a priest.” The Court of Appeals held that the trial court did not err in refusing to grant the motion. The court stated (p 953): “A prospective juror who is otherwise competent to serve on a jury may not be disqualified merely because of religious belief or status. Rose v. Sheedy, 345 Mo. 610, 134 S.W. 2d 18 (1939). The mere potentiality for bias based on religious affiliation cannot justify the elimination of a *214 prospective juror. Only the demonstration of an actual bias may provide such a justification.”
In actuality, the defendant’s exclusionary motion at trial is premised on the assumption that homosexuals, as a class, would be unable to sit as impartial jurors in this assault case. The defendant seeks to exclude this prospective juror, not because of any concrete relationship he may have with any person involved in the action nor because of any preconceived notions about this particular case but merely because of his sexual preference. However, the fact of his homosexuality creates only a “mere potentiality” for bias and this is not enough to excuse a prospective juror.
The Court of Appeals also reasoned that the position advanced by appellants is “suspect” under the “equal protection” provisions of the Constitution, citing Ristaino v Ross (424 US 589, 596, n 8) in which the Supreme Court stated: “In our heterogeneous society policy as well as constitutional considerations militate against the divisive assumption — as a per se rule — that justice in a court of law may turn upon the pigmentation of skin, the accident of birth, or the choice or religion.” It is also a divisive assumption that justice may turn on sexual preference.
-The Supreme Court has held that discrimination against homosexuals in areas such as employment is unconstitutional. (15 Am Jur 2d, Civil Rights, §246; Acanfora v Board of Educ., 491 F2d 498, cert den 419 US 836.) Certainly there is no doubt that homosexuals comprise a significant segment of our population (the National Gay Task Force estimates that 800,000 persons in New York City are homosexual) and that they are as diverse in their opinions as their numbers. To say that this entire group of citizens who may be otherwise qualified, would be unable to sit as impartial jurors in this case, merely because of their homosexuality is tantamount to a denial of equal protection under the United States Constitution.
Accordingly, the defendant’s challenge for cause based upon the homosexuality of the prospective juror, is denied.

 The Assistant District Attorney in a prior offer of proof to the court, which was denied, requested permission to call as witnesses several other homosexuals who were assaulted on the same night in the same neighborhood by a roving band of males who, according to the Assistant District Attorney, had come to New York City from Jersey City specifically for the purpose of attacking homosexuals. The court rules that only if the defendant could be tied in to the band of attackers, would such evidence be admissible to show motive. The Assistant District Attorney indicated that he might be able to do this at trial.